Samuel H. Meloy, Trustee of Emma J. N. S. Meloy,
*vs.* William H. Squires.

*Practice—Act of 1864, ch. 322, relating to Appeals from Courts
of Law or Equity.*

Certain real estate was sold under a deed of trust; the sale was reported by
the trustee to the Circuit Court, and an order of ratification *nisi* was passed.
Subsequently exceptions were filed to the ratification of the sale; after argu-
ment by counsel, the Circuit Court passed an order overruling the exceptions
and finally ratifying the sale. From this order the exceptant took an appeal
on the 10th of June, 1873. On the 6th of January, 1874, the purchaser of
the property filed a petition in this Court, alleging that the appellant had
failed to cause to be transmitted to this Court a transcript of the record in
said cause within six months, from the date of the appeal, as required by
Rule 10 of this Court, respecting appeals, and that the neglect to transmit
said transcript was in no way owing to the fault of the clerk of the Circuit
Court. The petition prayed that this Court would order the said appeal to
be docketed and then dismissed. This Court dismissed the petition, being of
the opinion that the relief sought by the petitioner might be had by applica-
tion to the Circuit Court from which the appeal was taken, under the pro-
visions of the Act of 1864, ch. 322.

Petition to have an appeal docketed and then dis-
missed.

The appellee on the 6th of January, 1874, filed a peti-
tion in this Court alleging that he had purchased on the
8th of April, 1872, from M. W. Beveridge, trustee,
certain real estate in Prince George's County; that the
sale was reported by the trustee to the Circuit Court for
said county, and an order of ratification *nisi* was passed;
that subsequently certain exceptions to the sale were filed
by the appellant; that after argument, the Court on the
24th of April, 1873, passed an order overruling the
exceptions and finally ratifying the sale; that from this

order Samuel H. Meloy, trustee for Emma J. N. S. Meloy, wife of William A. Meloy, took an appeal to this Court on the 10th of June, 1873; but that he has failed to cause to be transmitted to this Court a transcript of the record in said cause, within six months from the time when the appeal was taken, as required by Rule 10 of this Court, respecting appeals; and that the neglect to transmit said transcript of record was in no way owing to the fault of the clerk of said Circuit Court. The petition therefore prayed that this Court would order said appeal to be docketed and then dismissed. Certain exhibits in corroboration of the averments of the petition were filed therewith. .

The matter of the petition was submitted to Bartol, C. J., Stewart, Grason, Miller, Alvey and Robinson, J.

*C. C. Magruder, Jr., Henry Wise Garnett* and *Frank H. Stockett,* for the petitioner.

By the Court:

The petition of William H. Squires, the appellee in the above case, together with the exhibits filed therewith, has been read and considered, and the same is hereby overruled and refused ; this Court being of opinion that the relief sought by the petitioner may be had by application to the Circuit Court from which the appeal was taken, under the provisions of the Act of Assembly of 1864, ch. 322, (*Supplement to Code, page* 16.)

By the Rules regulating appeals adopted by this Court on the 18th day of October, 1869, the time allowed for the transmission of the record to this Court, on appeals from Courts of Equity, is limited to *six months* from the time of appeal prayed, (*Rule* 10, 29 *Md.*, 4.)

These Rules having been made under and by authority of the Constitution, Art. 4, sec. 18, have the force of law,

and the effect of said *Rule* 10, is to alter or modify the provisions of the Act of 1864, ch. 322, so far as respects the time allowed for transmitting the record to this Court; but in no manner affects the power and jurisdiction of the Circuit Court conferred by that Act.

The appellee is, therefore, entitled, on motion made in the Circuit Court, and upon a proper case there shown, to the relief prescribed by that Act, in case of a failure by the appellant to send the record to this Court, within *six months* after the appeal has been entered.

*Petition dismissed.*