SAMUEL MELOY, Trustee of EMMA J. N. S. MELOY
*vs.* WILLIAM H. SQUIRES.

*Construction of the Act of* 1864, *ch.* 322, *as affected by Rule* 10
*of the Rules and Regulations respecting Appeals adopted by*
*the Court of Appeals—Habere facias possessionem.*

By the Act of 1864, ch. 322, the Circuit Court from which an appeal is taken,
is authorized to strike out the entry of the appeal, if through the negligence
or omission of the appellant, the record shall not be sent up to the Court
within *nine* months after the appeal is entered, and the Act further pro-
vides, "that thereafter no other appeal or writ of error shall be allowed."
HELD :

1st. That this Act is modified by number 10 of the "Rules and Regulations
respecting Appeals," by which transcripts in appeals from Courts of Equity
are required to be transmitted within *six* months after the appeal is prayed.

2nd. That the 9th of said Rules which prescribes *nine* months as the time
within which appeals may be entered, does not allow another appeal
embracing the same subject-matter, where the entry of the first appeal has
been stricken out by the Circuit Court, even though the second appeal be
entered within the *nine* months allowed by said Rule.

On the application of the purchaser at a trustee's sale, the Circuit Court for
Prince George's County, on the 12th day of June, 1873, passed an order
directing a writ of *habere facias possessionem* to issue. The execution of
this order was stayed by an appeal from the order of said Court ratifying
the sale under which the purchaser claimed. Afterwards through some
inadvertence, that appeal not having been actually dismissed or stricken
out, the Circuit Court on the 20th of December, 1873, ordered the writ of
*habere* to be issued, and the purchaser was put into possession under it on the
22nd of December, 1873. On the 23rd of January, 1874, the appeal was
stricken out by the Circuit Court.    Prior to the order striking out the
appeal applications had been made to the Court to vacate the proceedings
under the writ of *habere facias possessionem*, and for an injunction restrain-
ing the purchaser from proceeding further under the said writ, and pro-
hibiting him from going to or remaining in possession of the property.
These applications being heard after the appeal had been stricken out were
both refused.   On appeal, it was HELD :

That there was no error in the action of the Circuit Court, as the effect of the order striking out the appeal was to leave the order ratifying the sale in full force. And although the writ of *habere facias possessionem* had been irregularly issued, it had been actually executed and the purchaser was entitled to the possession he had received under·it.

APPEALS from the Circuit Court for Prince George's County, in Equity.

The case is sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT, MILLER and ALVEY, J.

*Daniel Clarke* and *Francis Miller*, for the appellant.

*Henry Wise Garnett* and *Frank H. Stockett,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

In this record there are no fewer than seven appeals. Some of them from the orders of the Circuit Court passed under the Act of 1864, ch. 322, striking out appeals; and some of them from the orders of the Court passed in the principal case. Motions have been made in this Court to dismiss several of these appeals, and the first questions to be disposed of arise upon these motions; for it is necessary to determine definitely which of these numerous appeals are really before us. In order to settle this preliminary question, we must go somewhat into the history of the case, stating with some particularity the proceedings in the Circuit Court.

The cause originated in a proceeding for the execution of a power of sale, contained in a deed of trust from Wm. H. Squires and wife to M. William Beveridge, trustee, dated August 7th 1867, made to secure the payment of $6500, due from the grantor to John F. Webb. The trustee reported

the sale of the property made to Wm. H. Squires for $6500. An "order of ratification *nisi*" was passed on the 18th day of April 1872. Exceptions were filed to the ratification of the sale, testimony was taken, and on the 24th day of April 1873, an order was passed finally ratifying the sale; from this order an appeal was prayed by Meloy, trustee, on the 10th day of June 1873, who on the same day filed his bond, which was duly approved, and on the 14th day of the same month, filed the required affidavit, "that the appeal was not taken for delay." On the 6th day of January 1874, the transcript of the record not having been transmitted to the Court of Appeals, although more than six months had elapsed after the appeal had been prayed; a petition was filed in this Court by the appellee, setting forth the facts, alleging that the delay was owing to the laches and neglect of the appellant, and praying this Court to dismiss the said appeal; whereupon this Court dismissed the petition for the reasons stated in the opinion then filed, which were substantially, that the relief sought by the petitioner might be had by application to the *Circuit Court* from which the appeal was taken, under the Act of 1864, ch. 322, (39 *Md.*, 175.) In pursuance of this suggestion, the appellee, on the 19th day of January 1874, filed a petition in the Circuit Court praying that the said appeal of the 10th of June 1873, should be dismissed, because of the laches and delay of the appellant in not causing the transcript of the record to be transmitted to the Court of Appeals within six months, as required by law. This petition being set down for hearing, certain depositions were taken, and on the 23rd day of January 1874, an order was passed, striking out the appeal which had been taken on the 10th of June 1873. From this order an appeal was taken on the 23rd of January 1874. On the 20th day of January 1874, another appeal was entered from the order of April 24th 1873, ratifying the sale, and on the 24th day of January 1874, another appeal was taken from the

same order of April 24th 1873. With respect to the order of January 23rd 1874, striking out the appeal of June 10th 1873, we are of opinion that the last mentioned order ought to be affirmed. By the Act of 1864, ch. 322, (sup. to Code, 16,) power and jurisdiction was given to the Circuit Courts to strike out an appeal, where by the laches and delay of the appellant, there has been a failure of the appellant to cause the transcript of the record to be transmitted to the Court of Appeals within the time required by law. An examination of the facts as disclosed by the record has satisfied us that the delay in this case was through the fault or omission of the appellant. A question has been raised upon the construction of the Act of 1864. By that Act it was required that the record should be sent to the Court of Appeals within *nine* months after the appeal has been entered, and the Circuit Court from which the appeal is taken, was authorized to strike out the entry of appeal, if through the neglect or omission of the appellant, the record shall not be sent up in *nine* months. By the "*Rules and Regulations respecting Appeals*," adopted by this Court, (29 *Md.*, 1, &c.,) which, under the Constitution, Art. 4, sec. 18, have the force of law, the transcripts in appeals from Courts of Equity are required "to be transmitted within *six months* after the appeal prayed." (*Rule* 10, 29 *Md.*, 4.) The effect of this Rule was to modify, to that extent, the Act of 1864, ch. 322, changing the time allowed for transmitting the record, from *nine* months to *six* months. This was decided by this Court, on the petition to dismiss, in this case at Oct. Term 1873, before referred to; and in the same opinion then filed, it was said that the Circuit Court had power, under the Act of 1864, upon a proper case made, to grant the relief there sought by the petitioner. It was not expressly said in that opinion, that the Circuit Court would be authorized to strike out the appeal, where there had been a failure or omission to send up the record

within *six* months; but such is the clear inference from what is contained in the opinion, and necessarily results from the construction of the Act of 1864, as modified by "Rule 10," before referred to, whereby the time allowed for sending up the record was limited to six months.

The Act further provides that when the entry of an appeal shall have been stricken out by the Circuit Court for the cause therein mentioned, "*that thereafter no other appeal or writ of error shall be allowed.*"

Under this provision it is clear that the Circuit Court committed no error in striking out the other appeals, from the order of April 24th 1873, which were afterwards entered on the 20th and 24th of January 4187. It was argued by the appellant's attorneys, that because *nine* months are allowed for taking an appeal by Rule 9, (29 *Md.*, 4,) and these appeals were entered within that time, that it was error to dismiss them. But this is not a correct view. Where a party has taken his appeal as in this case, soon after the order has been passed, he is bound to prosecute it with diligence; and if he fails to do so, and the appeal is dismissed for that cause, he is not entitled to take another appeal within the *nine* months, because by the words of the Act of 1864, he is precluded from having any other appeal in such case, embracing the same subject-matter. It follows from what has been said, that the Order of *April 24th* 1873, ratifying the sale, is not before us for review, the several appeals therefrom having been properly stricken out by the Circuit Court.

It appears from the record that on the application of Squires the purchaser, the Circuit Court on the 12th day of June 1873, passed an order directing a *writ of habere facias possessionem to be issued.* The execution of this order was stayed by the appeal of June 10th or 14th 1873. Afterwards through some inadvertence, that appeal not having been actually dismissed or stricken out, the Circuit Court on the 20th day of December 1873, ordered the

"*writ of habere*" to be issued; and the same was executed and the purchaser put into possession on the 22nd day of December 1873.

On the following day, the appellant moved the Court to set aside the Order of December 20th and to quash the writ. This motion was set down for hearing at the ensuing term. A petition was also filed by the appellant praying that an injunction might be issued, restraining the appellee from proceeding further under the writ of *habere*, and prohibiting him, his agents and servants from going to or remaining on the premises, or exercising any control over the same, &c. This application was, on the 1st day of January 1874, set down for hearing at the next ensuing term. Answer thereto was filed by the appellee, and sundry affidavits were filed, which it is not necessary to refer to more particularly.

Upon the hearing of these motions, the Circuit Court by its order dated May 25th 1874, overruled the motion to vacate the order of December 20th 1873, and refused to grant the injunction as prayed. From this order an appeal was taken on the 26th day of June 1874. Upon this appeal, which is properly before us, we are of opinion there was no error in the action of the Circuit Court.

It is true that the "*writ of habere*" had been prematurely issued, as the appeal from the order ratifying the sale was then pending. But as we have before stated, that appeal was actually stricken out on the 23rd day of January 1874. The effect of which was to leave the order of ratification in full force; and the *writ of habere* though irregularly issued, having been executed, and the appellee being actually entitled to the possession, it would have been an idle and nugatory proceeding then to quash the writ, or to interpose to put parties into possession, when, to use the language of the learned Judge of the Circuit Court, "it clearly appeared that their right of possession was at an end."

Brown, Lancaster & Co. *vs.* Howard Fire Ins. Co., *et al.*

For the reasons stated, an order will be passed dismissing the several appeals from the order of April 24th 1873, ratifying the sale, which appeals were taken on the 20th and 24th days of January 1874 ; and affirming the orders of the Circuit Court passed on the 23rd day of January 1874, striking out the appeals of June 10th 1873, and January 20th 1874, and the order of January 26th 1874, striking out the appeal of January 24th 1874, and also affirming the order passed on the 25th day of May 1874.

*Appeals dismissed, and*
*orders affirmed.*

(Decided 3rd June, 1875.)