SYLVESTER S. EWELL *vs.* THOMAS B. TAYLOR and ELIZABETH P. BALL, Administrators of THOMAS J. BALL, and others.

*When an Appeal will be Dismissed—Insufficient excuse for Delay in having the Transcript of the record of a case made out and Transmitted to the Court of Appeals—Strong case requisite to rebut Presumption of Laches on the part of the Appellant, where the Clerk is not in fault.*

Where the transcript of the record of a case on appeal from a Court of equity, is not made out and transmitted to the Court of Appeals within six months from the time of the appeal prayed, and the appellant fails to show that such delay was occasioned by the neglect, omission or inability of the Clerk, or to furnish any sufficient excuse for the delay, the appeal will be dismissed.

An appeal cannot be delayed beyond the time fixed by law, and the appellant excused, because of an anticipated agreement with the opposite counsel in regard to the contents of a transcript of the record of his case.

When the Clerk is not in default, a very strong case must be made out by the appellant to rebut the presumption of laches on his part. He must satisfy the Court that by proper diligence a correct record could not have been made out and transmitted in time.

APPEAL from the Circuit Court for Dorchester County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*Edward B. Bates,* for the appellant.

*Clement Sulivane, Sewell T. Milbourne* and *Daniel M. Henry,* for the appellees.

BRENT, J., delivered the opinion of the Court.

All transcripts of records, on appeals from Courts of equity, are required to be made out and transmitted to this Court within six months from the time of the appeal prayed. The appeal in this case was taken on the 4th day of October, 1875, and the transcript was not sent from the office of the clerk of Dorchester County, to be transmitted to this Court until the 15th day of April, 1876. It was then sent by private hand, and filed here, with the clerk, on the 3rd day of the following May.

It is not necessary to determine, whether, under the circumstances of this case, the time that the transcript was in the hands of the party entrusted with its carriage should be estimated, for without including it, more than the six months, allowed for its transmission, had passed before it was sent from the office of the clerk of Dorchester County. Unless therefore some sufficient cause for this delay is shown by the appellant, the motion to dismiss the appeal must prevail.

The 16th rule, regarding appeals, puts the burden of proof upon the appellant. It provides that "no appeal shall be dismissed because the transcript shall not have been transmitted within the time prescribed, if it shall appear to the Court of Appeals that such delay was occasioned by the neglect, omission or inability of the clerk; but such neglect, omission or inability shall not be presumed, but must be shown by the appellant." Two affidavits of the clerk of Dorchester County have been filed, one dated the 31st of October, and the other the 4th of November, 1876. From these it clearly appears that the delay cannot be attributed to him. Nor has it been insisted in argument that he was in any way in default. He states that he received instructions from the appellant's

counsel not to make out the transcript until he directed him so to do, and that when he did afterwards direct him to make it out, it was so late that it was impossible for him to complete it in time.   As the appellant has control of his appeal, he had the undoubted right so to instruct the clerk, and it was but the duty of the latter to obey.

The appellant's counsel, in his affidavit dated the 13th November, states that he did not sooner direct the transcript to be made, in consequence of not being able to obtain the written agreement of the opposite counsel to exclude certain parts of the record from the transcript, in accordance with a verbal understanding between them, entered into shortly after the appeal was taken.   That he had frequently made the effort to meet him for that purpose, but had not been successful until a short time before he directed the clerk to proceed with the transcript, when the agreement between them, to be found in the record, was entered into.   The counsel for the appellees has also filed his affidavit.   In it, he states that he was at all times ready to carry out in good faith the agreement on his part, and that he did so when called upon.

We do not think the affidavit of the counsel for the appellant furnishes any sufficient excuse for the delay. He knew what it was necessary to include in the transcript, that his case might be properly presented to this Court.   He had the right to direct what papers should be copied into it, and what should be omitted.   We cannot establish the precedent, that an appeal may be delayed beyond the time fixed by law, and the appellant excused because of an anticipated agreement with the opposite counsel in regard to the contents of a transcript of the record of his case.   The rules regulating appeals are sufficiently explicit to indicate what it should contain.   If it is defective, it may generally be remedied by a writ of diminution.   Where the clerk is not in default, a very strong case must be made out by the appellant to rebut the

presumption of *laches* on his part.  He must satisfy the Court that by proper diligence a *correct* record could not have been made up and transmitted in time.  Such a case has not been made by the proof filed against this motion, and the present appeal must therefore be dismissed.

At the same time the motion to dismiss was heard, the case was also heard very fully upon its merits.  It may not be improper to add that we have examined the several questions presented in the argument, and if the appeal had been maintained the decree of the Court below would have been affirmed.

*Appeal dismissed.*

(Decided 23rd February, 1877.)