ANNIE C. SCHAEFER *vs.* AMICABLE PERMANENT LAND
AND LOAN COMPANY OF BALTIMORE CITY.

*Practice in Equity under the Writ of Habere Facias Pos-
sessionem—Answers not under Oath.*

The appellee, purchaser of certain real estate at trustee's sale, after
the sale had been confirmed for more than two months by the Court
below, applied for the writ of *hab. fac. poss.* alleging in its petition
that the appellant, respondent in the cause and mortgagor therein,
was in possession of the property purchased, and refused to deliver
possession to the appellee.  On this petition the Court passed an
order granting the relief prayed, unless cause to the contrary were
shown before a certain day.   On the last day allowed by the
order, the appellant filed a paper purporting to be her answer
but without affidavit, alleging certain agreements, negotiations,
and acts of the appellee as good cause why the writ should
not issue.  Some days thereafter, without further pleadings and
proceedings, the Court passed an order, wherein it was stated,
that it appearing that a copy of the petition and order had
been served on the appellant, and no good cause to the contrary
having been shown, that the first order be made absolute and the
writ issue as prayed.  HELD:

That the writ was providently granted.

To show good cause in the sense of the statutes, relating to writs in
the nature of writs of *hab. fac. poss.* means not only to object in
writing, but to answer according to the usages and practice of the
Court in which the proceedings are pending, under the sanction of
an oath, (if in equity,) the allegations of the petition, that the
Court may have some warrant for withholding the relief it is com-
manded by the law to give ; otherwise, a proceeding intended to
be summary in its nature might be protracted indefinitely, and the
law virtually evaded.   The law implies also in this connection, not
only averments but evidence to sustain them, constituting good
cause to the contrary.   The *prima facie* title of the purchaser to
possession established by the record must be overcome by proof to
the contrary.   The *onus probandi* is on the respondent.

The provisions of the Code authorizing answers in certain cases to be put in without oath, do not apply to proceedings of this character.

APPEAL from the Circuit Court of Baltimore City.

This case has been before the Court on two previous occasions. (47 *Md.*, 126 *and* 49 *Md.*, 253.)

After the cause was last remanded for further proceedings, the property was sold to the appellee; and the subsequent proceedings, so far as it is necessary for the understanding of the present appeal, are stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ROBINSON and IRVING, J.

*George Hawkins Williams*, for the appellant.

*George E. Nelson* and *William J. O'Brien*, for the appellee.

BOWIE, J., delivered the opinion of the Court.

A sale of certain real estate described in the proceedings in this cause, having been made under an order of the Circuit Court of Baltimore City, and finally ratified by that Court on the fourth of November, 1878, the purchaser, (the appellee) filed their petition therein on the 20th of January, 1879, setting forth the previous proceedings, and alleging that the appellant, the respondent in said cause and mortgagor therein named, is now in possession of the property purchased, and refuses to deliver possession thereof to the appellee, although requested so to do, and prayed a writ in the nature of a writ of *habere facias possessionem* might issue to give them possession of the premises, etc. On this petition, the Court below passed an order granting the prayer of the petition, unless cause

Schaefer *vs.* Amicable Perm. Land & Loan Co.

to the contrary be shown before the 15th of February ensuing.

The appellant filed a paper, called her answer to this petition, showing for cause *inter alia,* as follows : " That after the sale made in pursuance of the decree, the property having been purchased by complainant for $7000, and before the ratification thereof, to which respondent might and would have filed exceptions, an agreement in writing hereto annexed and marked respondent's exhibit A, was entered into by the parties to the cause, by which it was stipulated, that if the respondent would pay the sum ascertained to be due by her to complainant, by the auditor, on or before a certain day in said paper named, that they would convey to her the property sold and reported to the Court.

" That in pursuance of said agreement and in consideration of forbearance to litigate the proceedings of complainant and trustee, under said decree which she had a right to do, and would have done, it was agreed that upon payment of $7000, she should be re-invested with the title to said property.  That the time appointed by said writing for the performance of said agreement was extended, as it was understood it should be, for a period not to exceed four months ; that the last proposition made by the complainant under said agreement was, that $5000 would be received, and a note with a responsible maker for the sum of $2000; that respondent asked for a change of terms, to wit, that $4500 and a note with a responsible maker for $2500 would be accepted; this latter proposition was entertained, and your respondent was induced to believe that it would be accepted; that she was prepared with the money to pay, and a responsible person signified his willingness to enter into the proposed obligation, but it was declined not upon account of his irresponsibility, but because they wanted the whole amount in cash.

" The time accorded your respondent to show cause why restitution should not be made according to the prayer of complainant's petition, has been wasted and exhausted by the false representations and pretences so made, and she avers, that the whole purpose of complainant has been to defeat her legal and equitable rights in the premises.

"She further says, that if reasonable time be allowed her she will be able to bring into Court the sum of $7000 in performance and discharge of her said agreement."

Without further pleadings or proceedings the Court, on the 25th of February, passed the following order, viz., "It appearing to the Court that a copy of the within petition and order was served on the defendant, Annie C. Schaefer, and no good cause to the contrary having been shown, although the time in said order allowed for showing cause has elapsed, it is ordered by the Court this 25th of February, 1879, that the within order be made absolute, and that a writ in the nature of a writ of *habere facias possessionem* issue in accordance with the prayer of the petition." From which order this appeal is taken.

The main question presented by the record is, whether the writ of *habere facias* was providently granted.

It is contended by the appellant that the answer *per se*, showed good cause to the contrary; that the case being submitted upon petition and answer, the latter was to be taken as true, if not admitted as true, the appellee should have filed a replication, and thus allowed the appellant an opportunity of proving its truth. The appellee insists that the answer, not denying the allegations of the petition, but setting up matter in avoidance, and not being under oath was in effect no answer; that in summary proceedings no replication is usual or necessary, and if the defendant was entitled to any remedy at all, it was by original bill. They further contend that, assuming that the appellant was entitled under the agree-

ment to a reconveyance, still the writ should have been ordered, because the vendor of the land was entitled to the possession, until the terms of the agreement were complied with. Finally, the agreement to recovery was violated by the appellant in not paying within the time limited, and the modifications of that agreement alleged by the appellant's answer, were contrary to the Statute of Frauds, and not to be proved by parol, and no offer was made to complete the contract, by the appellant, as modified.

The question before us is a very narrow but very important one in practice, involving in some measure the construction of the provisions of the Code of Public General Laws, relating to *writs*, in the nature of writs of *habere facias possessionem*, and the mode of procedure thereunder.

The key to the construction of these provisions, is found in what is said in previous decisions of this Court, upon the Act of 1825, ch. 103, and its supplements, relating to similar remedies at law, *vide McMechen vs. Marmon*, 8 *G. & J.*, 74.

In that case it was said, "this Act of Assembly is remedial in its character, and, therefore, should be liberally construed, in order to carry into full effect the designs of the Legislature. The evil intended to be remedied was, that debtors and those claiming under them after a sale of their lands by the Sheriff, held on to their possession until ousted by the tedious process of ordinary judicial proceedings, thus against every principle of law and equity without the ability of making ultimate indemnity for their wrong doings, depriving purchasers for years of all enjoyment of the lands they had honestly paid for, during which interval it is more than probable that those lands were greatly diminished in value by a severe and exhausting cultivation."

The policy which induced the adoption of the summary proceedings at law, has engrafted the same remedies upon

proceedings in equity. They are judicial in their nature, collateral to the decree under which the purchaser claims, and intended to give it speedy effect.

The antecedent proceedings on which the petition is founded, is matter of record, constituting *prima facie* evidence of the right of the petitioner to the relief prayed.

It would be anomalous, if under such circumstances, the fruits of the decree should be frustrated, and its operation indefinitely postponed by the renewal of dilatory pleadings.

The Code requires that the Court of the county in which the lands lie, or if situate in the City of Baltimore, the Judge of the Circuit or Superior Court, *shall,* on application in writing to be verified by the affidavit of the purchaser or his attorney, unless good cause to the contrary be shown by the debtor, etc., or other person concerned within not less than fifteen, or more than thirty days from filing of such application, issue a writ, in the nature of a writ of *habere facias, etc., (Code P. G. L., Art.* 75, *sec.* 64; *Revised Code, Art.* 64, *sec.* 145.) All the prerequisites were complied with by the appellee in this case.

On the last day allowed by the order *nisi,* for showing cause, a paper purporting to be the answer of the appellant to the petition of the appellee, was filed without oath or affirmation annexed, alleging certain agreements, negotiations and acts of the appellee, as good cause why the writ should not issue as prayed.

To show good cause in the sense of the statute, means, we apprehend, not only to object in writing, but to answer in solemn form, according to the usages and practice of the Court in which the proceedings are pending under the sanction of an oath, (if in equity,) the allegations of the petition, that the Court may have some warrant for withholding the relief, it is commanded to give; otherwise, a proceeding intended to be summary in its

Schaefer *vs.* Amicable Perm. Land & Loan Co.

nature, might be protracted indefinitely, and the law virtually evaded. It implies also in this connection, not only averments, but evidence to sustain them, constituting good cause to the contrary.

The *prima facie* title of the purchaser to possession established by the record, must be overcome by proof to the contrary. The *onus probandi* is on the respondent, by virtue of the statute.

The order appealed from, declares on its face: "It appearing to the Court that a copy of the within petition and order was served on the defendant, Annie C. Schaefer, and no good cause to the contrary having been shown, etc., it is ordered."

In the opinion of this Court, the provisions of the Code authorizing answers in certain cases, to be put in without oath, do not apply to proceedings of this character.

The case of *Nutwell,* 47 *Md.,* 35, cited by the appellant and relied on as conclusive of this case, differs from it in two important particulars:

1st. The answer of the respondents was in that case under oath.

2nd. Its averments were admitted by the demurrer of the petitioner.

The principal points urged by the appellant, having been disposed of, it is unnecessary to consider the minor objections.

The order appealed from, will be affirmed with costs to the appellee, and the cause remanded.

*Order affirmed.*