## JOHN N. CARROLL *vs.* CELESTE M. W. HUTTON.

*Appeal—Right of Appellant to Control  Transmission of the Record.*

After an appeal has been prayed and during the time allowed by law for the transmission of the record to this Court, the matter is within the control of the appellant, and the appellee has no right to transmit the record without the consent of the appellant.

Where the appellee caused the transcript of the record of an appeal to be sent to this Court without the consent of the appellant, who was not in default, the time allowed for the transmission of the record not having elapsed, this Court, upon the application of the appellant, will order the record remanded to the Court below.

Appeal from an order of the Circuit Court for Baltimore County.

The motion was argued before McSHERRY, C. J., BRISCOE, BOYD, SCHMUCKER and JONES, JJ.

*J. J. Alexander* (with whom was *J. I. Yellott* on the brief ), for the appellant.

*Frank Gosnell* (with whom was *T. M. Lanahan*, *D. G. McIntosh* and *Ferdinand C. Latrobe* on the brief ), for the appellee.

JONES, J., delivered the opinion of the Court.

The appellant in this case has filed a motion to strike the case from the docket of the present January term of the Court and to transfer it to the docket of the April term next ensuing, and alleges as the grounds of the motion :

*First.* That the transcript of record was transmitted to this Court after the commencement of the January term. and therefore cannot be docketed as of this term.

*Second.* That the transcript of record was transmitted by the appellee's order and procurement without notice to or consent of the appellant.

*Third.* That the appellant was in no default in the premises and the transcript of record was improperly transmitted.

It will be unnecessary for us to pass upon the ground of the motion first set out because we find in the other grounds sufficient reason for striking the case from the docket of the present term. It appears from the allegations of the motion and the accompanying affidavits and the answer of the appellees thereto that the appeal in the case was entered in the Circuit Court for Baltimore County on the 19th day of December, 1899, and the transcript of record was filed in this Court on the 8th day of January, 1900, being the day on which the present January term of the Court began, about half-past five o'clock, P. M., whereupon the case was entered by the clerk upon the docket of the present term. It further appears that the appellant was in no default in regard to the transmission of the transcript of record. The time had not expired within which the transcript, upon his appeal, should be transmitted to comply with the law and rule of Court regulating the transmission of records in cases on appeal to this Court, and which is fixed by the law as a reasonable time to be allowed to parties, prosecuting appeals, for the proper preparation of cases to be presented in the appellate Court. The appellant was responsible for having the transcript duly prepared and transmitted to this Court within the prescribed time; and the consequences of his failure to have this done, if due to fault on his part, would have been visited upon him. It is proper therefore that he should, for the time prescribed as reasonable by the law, have control of the transcript and of its transmission. As long as he was clearly within the limit of the time allowed him to have the transcript prepared and transmitted, no right could accrue to the appellees to interfere with or exercise any control over it. They could only intervene without his consent or agreement with them, with any action on their part in reference to the transmission of the record when the appellant had made default in that regard and had thus forfeited his right to further prosecute the appeal or keep it pending. Now,

·it is made apparent, that in this case the appellees did inter-.vene before any default on the part of the appellant; and without his knowledge or consent or any agreement with him, undertook to control and procure the transmission of the :record to this Court.   To this we cannot give our sanction and cannot recognize the case as being, against the protest òf the appellant, properly in Court.   We do·not grant the motion of the appellant however to the extent he has ask'ed. We think the appropriate action on the part of the Court will be to order a remand of the transcript of record in controversy to the Circuit Court for Baltimore County and thus .place the appellant in the same position he would have been in, had there have been no intervention by the appellees in regard to the transmission of the record here.   There is nothing inconsistent in the views herein expressed with the cases of *Rau* v. *Bennis,* 49 Md. 316, and *Meloy, Trustee,* v. *Squires,* 39 Md. 175, which were cited in the argument of the pending motion, because they were cases in which the appellants were in default and this gave to the appellees the clear right to proceed to rid themselves of the pendency of ·the appeals.   In accordance with the foregoing views a remand of the transcript of record in this case will be ordered.

*Transcript remanded.*

(Decided February 9th, 1900).

