MARGARET ESTEP ET AL. *vs.* PHILEMON H. TUCK
ET AL.

*Appeal—Delay in Transmission of Record—Costs.*

The record on appeal in this case was not transmitted to the
Clerk of the Court of Appeals until more than two months
after the time prescribed therefor by Code, Art. 5, Sec. 33;
and since it is not shown that the delay was caused by the neg-
lect or inability of the Clerk of the Court from which the
appeal was taken, or of the appellee, the appeal is dismissed.

When certain documents not constituting a proper part of the
record are inserted therein at the direction of a third party,
he will be ordered to pay the costs of the same.

*Decided January 20th, 1909.*

Appeal from the Circuit Court for St. Mary's County
(CRANE, J.).

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, SCHMUCKER, BURKE, WORTHINGTON, THOMAS and
HENRY, JJ.

*H. Arthur Stump* (with whom was *Albert R. Stuart* on
the brief), for the appellants.

*Phil. H. Tuck* and *William S. Bansemer,* for the appellees.

WORTHINGTON, J., delivered the opinion of the Court.

In this case a motion to dismiss the appeal has been filed
upon the ground that the record was not transmitted to this
Court within the time prescribed by Article 5, sec. 33 of the
Code of 1904, relating to appeals from Courts of Equity.

By that section it is provided that: "All transcripts of records on appeals from Courts of Equity, shall be made and transmitted to the Court of Appeals within three months from the time of the appeal prayed."

The appeal in this case was entered on April 15, 1908, and the record was received by the Clerk of this Court on October 1, 1908, or five and one-half months after the appeal prayed.

The cause for the delay is sought to be explained by an affidavit, filed on behalf of the appellants, setting forth certain correspondence that passed between Mr. Farber, attorney for appellants, residing in Baltimore, and the Clerk of the Circuit Court for St. Mary's County, residing at Leonardtown.

From this correspondence it appears that on June 12, 1908, Mr. Farber wrote the clerk, enclosing an agreement or stipulation, signed by himself and Mr. Bansemer, attorney for one of the appellees, as to what the transcript of record should contain.

This letter was received by Mr. Abell, the clerk, on the following day, June 13, 1908.

It further appears that at the time this letter was received, the papers in the case were in the hands of the lower Court, and were not returned to the clerk's office until several weeks later.

In the meantime further correspondence took place between the attorney and the clerk, and in one of the letters that passed between them, dated July 13, 1908, but which was not received by Mr. Abell until July 22, 1908, Mr. Farber, says: "Before making up the record, kindly let me know precisely what you propose to put in it, and before sending it up, kindly let me see it, as I wish to make copies of certain papers for my own files."

The record seems to have been finally completed on September 9, 1908, for it was then forwarded to Mr. Farber at Baltimore for his inspection.

It was returned to Mr. Abell, on September 24, 1908, with instructions from H. B. Stimpson, writing for Mr. Farber,

to eliminate therefrom a certain affidavit of Mr. Tuck, contained therein, and to include certain of the rules of the Circuit Court for St. Mary's County, sitting in equity.

Section 40, article 5 of the Code 1904, provides that no appeal shall be dismissed because the record has not been transmitted within the time prescribed, if it appears to the Court of Appeals that such delay was occasioned by the neglect, omission or inability of the clerk or appellee, *"but such neglect, omission or inability shall not be presumed, but must be shown by the appellant."*

So far as the affidavit shows, the first letter from Mr. Farber, to the clerk was dated June 12, 1908.

Nearly two months therefore were allowed to pass before any steps were taken by him to have the record made up, and then, before it was made up, the clerk was requested to advise counsel at Baltimore what he intended to put in the record, and to send the transcript to him for inspection before transmitting it to the Court of Appeals.

Neither negligence, omission nor inability is to be presumed against the clerk for not making up the record promptly after the appeal prayed, on April 15, 1908, and the delay, at least until June 12, must be attributed, in the absence of any explanation, to the fault of the appellants.

Subsequently for several weeks, the papers seem to have been in the hands of the Court, but Mr. Farber's request to let him know precisely what it was proposed to put in the record before it was made up, and to send it to him for inspection before it was transmitted to the Court of Appeals, tended further to unduly delay its transmission to this Court.

"Where it is not shown that the failure to transmit the record in time was owing to the omission of the clerk of the Court below, it will be presumed to be the fault of the appellant." *Mason* v. *Gauer,* 62 Md. 263.

The burden of proof is on the appellants to show some sufficient cause for the unauthorized delay, and they must make it affirmatively appear that such delay was not caused by their own default, but by the neglect, omission or inabil-

ity of the clerk or appellee.  *Willis* v. *Jones,* 57 Md. 362;
*Ewell* v. *Taylor,* 45 Md. 573.

The fact that the attorney for one of the appellees on
June 12, 1908, signed the stipulation as to what the record
should contain does not amount to an agreement for delay in
transmitting the record.

If no such stipulation could have been promptly obtained,
the appellants had the right to direct forthwith, what papers
should be copied into the record and what should be omitted,
in order to avoid delay.  *Ewell* v. *Taylor, supra.*

For aught that appears in the affidavit the transcript of
record could have been made up and transmitted during the
first two months after the appeal was taken, had the appel-
lants used due diligence in notifying the clerk what he de-
sired the record to contain.

Having failed to do this, even if they had thereafter ex-
ercised the utmost diligence, they might not have been able
to repair the loss of time which their laches had already occa-
sioned, and their appeal, coming too late to this Court, could
not, under such circumstances, in the face of a motion to dis-
miss, be entertained.

But much of the further delay in the case was no doubt
occasioned by the fact that the attorney in charge of the ap-
peal resided in Baltimore, while the appeal itself was pend-
ing at a distance in the Circuit Court of St. Mary's County,
so that all communications concerning the matter were nec-
essarily conducted by means of correspondence through the
mails.

Had the details of the appeal been left to an attorney of
the Court where the case was pending, much of the delay in
making up and transmitting the record could doubtless have
been avoided.

As it does not satisfactorily appear from the affidavit and
correspondence filed with the Court, that by proper diligence
a correct record could not have been made up and transmitted
in time, the appeal must be dismissed.  *Ewell* v. *Taylor,* 45
Md. 573; *Steiner* v. *Harding,* 88 Md. 343.

We deem it only proper to say, however, that we have carefully examined the record in the case, as well as the briefs of the counsel, and we are all of the opinion that if the appeal could be entertained the decree of the lower Court would be affirmed.

The affidavit of Mr. Tuck and the agreement between certain parties in regard thereto, form no part of the record on this appeal and were included in the transcript at the request of Mr. George A. Whiting, the purchaser of the mortgaged property, without authority from the appellants. These cover several pages of the record and the cost of copying and printing the same should not be borne by them, but by Mr. Whiting.

> *Appeal dismissed with costs to the appellees, except as to the cost of copying and printing agreement and affidavit in record which is to be taxed by the clerk of this Court and paid by George A. Whiting.*