EDWIN M. WILMER, Trustee, *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Record for Court of Appeals : preparation of—; agreement of counsel. Costs; rights of clerk. Delay : burden of proof.*

While for some purposes the appellant may control the record, he may not do so without limit.                              p. 339

The counsel in a case may agree as to what shall be inserted in and what omitted from the record; but where no such agreement is reached, the record in equity cases is to be made up according to section 34 of Article 5 of the Code of Public General Laws.                              p. 340

In cases at law it is the practice in a case of disagreement between counsel for the trial judge to determine what shall constitute the record.                              p. 340

By analogy, a judge sitting in a court of equity may, in the absence of agreement of counsel as to the record, direct the appellant's solicitor to submit to him a statement of such facts as in his judgment should be stated in the record, failing to do which is a default against the appellant.                              p. 340

The clerk of the Court is not bound to forward the record until it is paid for, nor is he bound to look up the appellant and demand payment.                              p. 340

The burden of proof is upon the appellant to show that the failure to forward the record to the Court of Appeals in time, was not the result of his own neglect, but was due to the default of the clerk or of the appellee.                              p. 341

*Decided June 24th, 1911.*

Appeal from the Circuit Court of Baltimore City (Niles, J.).

A motion to dismiss was argued before Boyd, C. J., Pearce, Briscoe, Urner and Stockbridge, JJ.

*David Ash* and *D. Eldridge Monroe,* for the appellant.

*Edgar Allan Poe,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

The appeal in this case was dismissed upon the day following the argument upon the motion to dismiss, at which time it was announced that the reasons for such action would be given later.

On June sixth, 1910, a decree was entered by the Circuit Court of Baltimore City in this case, and on August fourth, two days before the expiration of the time limited for an appeal, the order for an appeal was filed. Under section 33 of Article 4, Code Public General Laws, the record should have been transmitted to this Court so as to reach here at the latest by November third, 1910; it was in fact transmitted on March thirty-first, 1911, reaching this Court on April first. It is this delay and non-compliance with the statute which forms the ground for the motion to dismiss.

As is usual, affidavits and counter affidavits have been filed as to the cause of the delay. From these it appears that no agreement having been reached between counsel, the solicitors of the appellant gave an order to the clerk to insert certain enumerated papers as constituting the record, while the clerk suggested that these would not constitute a complete record. The appellant's solicitors then brought the situation to the attention of the judge before whom the case had been heard, who informed them that if they would prepare a statement of what should, in their judgment, be included in the record and submit it to him, he would order the clerk to prepare the record in such manner as might appear proper to him, this the appellant's solicitors said they would do, but in fact never did.

In argument the appellant asserts that he has the right to control the record and relies on the decisions in *Ewell* v. *Taylor,* 45 Md. 573, and *Estep* v. *Tuck,* 109 Md. 531, to

support this contention. It is true that for many purposes
the appellant is entitled to control the record, for example,
the time of its transmission, *Carroll* v. *Hutton,* 90 Md. 636,
but this right is not without limitation. If it were, it would
be within the power of an appellant to bring here a record
containing only such of the pleadings and evidence as were,
in his judgment, favorable to his case, and omit the rest
entirely. Undoubtedly the counsel in a case may agree to
as what shall be inserted and what omitted, but where no
such agreement is reached, section 34 of Article 5, Code Pub-
lic General Laws, explicitly provides how the record for
appeals in equity cases. shall be made up. In the case of
appeals in cases at law it is the long settled practice in this
State, in the event of a disagreement between counsel, for
the trial judge to determine what shall constitute the record,
and the judge who heard this case below was but acting in
analogy to this practice when he directed the appellants'
solicitor to submit a statement to him. This they should have
done, and their failure to do so was a default on their part.

The time for the transmission of the record expired on
November fourth, 1910. More than four months were then
allowed to elapse during which nothing appears to have
been done to give vitality to the appeal prayed in August,
and during which time one of the counsel of the appellant had
the matter brought directly home to him, by the *non pros*
of an ejectment suit connected with a portion of the same
property here involved. The inaction during this interval
of more than four months remains entirely unexplained, and
is additional evidence of default on the part of the appellant.

The order for the appeal was filed on the fourth of August,
1910, the list of the selected papers for the record was
handed to the clerk on or about the twenty-first day of Octo-
ber, 1910, but the cost of the record of these was not paid
for until the thirty-first of March, 1911, and the clerk is
under no obligation to forward the record until it is paid for.
*Steiner* v. *Harding,* 88 Md. 343, nor is it his duty to look

up the appellant and demand payment therefor. *Parsons* v. *Padgett,* 65 Md. 356; *M. D. & V. Ry. Co.* v. *Hammond,* 110 Md. 126. The requirement is not met by the appellant saying to the clerk, I will pay you what I, the appellant, regard as the proper cost of the record.

It has been held in a long line of decisions in this State that the burden is upon an appellant of showing that the failure to forward the record within three months after the entry of the appeal was not the result of his own neglect, but was due to the default of the clerk or appellee. *Ewell* v. *Taylor,* 45 Md. 573; *Parsons* v. *Padgett,* 65 Md. 356; *Estep* v. *Tuck,* 109 Md. 528; *Warburton* v. *Robinson,* 113 Md. 24; *Horpel* v. *Hawkins,* 115 Md. 156.

The burden which the law imposes has not been met by the appellant in this case, and the appeal is accordingly dismissed, with costs.

*Appeal dismissed, with costs.*