JOHN H. HORSEY

vs.

JEROME H. WOODWARD.

*Court of Appeals: rules; effect of—; preparation of record; disagreement of counsel; delay in transmission.*

In the absence of proof that the Clerk of Court or the appellee was delinquent, the presumption is that the appellant was responsible for the delay in transmitting the record to the Court of Appeals, and he must satisfy the Court that the record could not, by proper diligence, have been prepared and transmitted in time. p. 363

Where the clerk is not in default, a very strong case must be made out to rebut the presumption of negligence on the part of the appellant. p. 368

The rule of the Court of Appeals, in regard to the time of transmitting the record, and of taking an appeal, has the binding force of a statute, and the observance is obligatory on the Court. p. 363

In the case of disagreement between counsel as to what the record should contain, the question should be determined by the trial judge. p. 368

*Decided December 4th, 1914.*

Appeal from the Circuit Court for Caroline County. (ADKINS and HOPPER, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, · BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Reuben Garey* and *Wm. L. Marbury,* for the appellant.

*Howard Bryant* (with whom were *J. H. C. Legg* and *Oscar Clark* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

This is an appeal from a judgment for the sum of six hundred and thirty-two dollars and twenty-five cents entered against the appellant in the Circuit Court for Caroline County on April 17, 1913. On June 13, 1913, the appellant filed an order for an appeal with the clerk of that Court. The transcript of the record was not filed in this Court until July 28, 1914—after the lapse of more than a year from the date of the order for appeal.

A motion has been made to dismiss the appeal for the reason that the transcript of the record was not transmitted to the Court within three months from the time of appeal taken as required by section 6, Article 5, of the Code of 1912. (Rule 2 of this Court relating to Appeals from Courts of Law.) Rule 16 of this Court (section 40, Article 5, of the Code), provides that:

> "No appeal shall be dismissed because the transcript shall not have been transmitted within the time prescribed, if it shall appear to the Court of Appeals that such delay was occasioned by the neglect, omis-

sion or inability of the clerk or appellee; but such neg-
lect, omission or inability shall not be presumed, but
must be shown by the appellant."

Referring to this rule in *Steiner* v. *Harding,* 88 Md. 343,
the Court said: "The rule has the binding force of a statute,
and its observance is obligatory on the Court. We have no
power to relax it, or to disregard it so long as it remains
unrevoked. Cases falling under it are not within the domain
of judicial discretion, but they are governed by its impera-
tive provisions."

It is conceded that the delay in the transmission of the
record was not due to the neglect, omission or inability of
the clerk. It was said in *Warburton* v. *Robinson,* 113 Md.
24, that: "This provision of the Code imposes upon the
appellant the burden of showing that the failure to forward
the record within three months after the entry of the appeal
was not the result of his own neglect, but was due to the
default of the clerk or appellee. *Parsons* v. *Padgett,* 65 Md.
356; *Willis* v. *Jones,* 57 Md. 362; *Estep* v. *Tuck,* 109 Md.
528; *M., D. & V. Ry. Co.* v. *Hammond,* 110 Md. 124.

"In the absence of proof that the clerk or appellee was
delinquent the presumption is that the appellant was respon-
sible for the delay, and he must satisfy the Court that by
proper diligence the record could not have been prepared
and transmitted in time. *Ewell* v. *Taylor,* 45 Md. 573;
*N. C. R. R. Co.* v. *Rutledge,* 48 Md. 262; *Mason* v. *Gauer,*
62 Md. 263."

No fault being imputed to the clerk, the sole question to
be determined upon this motion is this: Has the burden
imposed upon the appellant been discharged? Five affidavits
have been filed. That of John H. Hartnett, Esq., the official
stenographer for the Second Judicial Circuit, shows that he
was requested by counsel for the appellant about June 16,
1913, to furnish him with a copy of the testimony, and that
it was furnished about the last of August, 1913. The affi-
davit of Mr. J. Kemp Stevens, the clerk, shows that the

delay in sending the transcript was not due to a want of diligence on his part.

An affidavit has been filed by Mr. Reuben Garey, counsel for the appellant, and two by counsel for the appellee. Upon material points the statements appearing in the affidavits of counsel for the appellant are at variance with those contained in the affidavits of Messrs. Clark and Legg, the counsel for the appellee. Mr. Garey states that soon after the receipt of the testimony from the official stenographer had been received by him the bills of exceptions were prepared and "that promptly after the preparation of such bills of exception, they with a copy of the testimony in the case, were presented to the counsel for the adverse side who lived in Denton, Maryland, and that he expressed a desire to consult his associate who lived in Centreville, Maryland, before signifying whether or not such bills of exception were satisfactory, and for that purpose retained the same until during the October Term of Court, 1913, at which time said counsel stated that they were not satisfactory; that said bills of exceptions were then promptly submitted to the Court who was asked to determine whether or not they were sufficient and if they were not, to say what such should contain, *and that the Court did not pass on their sufficiency until about November 26, 1913, when it concluded they were not sufficient;* that the affiant promptly thereafter, made a re-draft of the bills of exception, adding as much additional testimony as he thought could possibly be required to present the case fully to the Court of Appeals—said re-draft being herewith filed as part hereof, and marked "Exhibit B"; that promptly after the completion of such re-draft, it with a copy of the testimony, on or about January 19, 1914, was submitted to the counsel in Denton, Maryland, for the adverse side, for consideration, who after retaining such re-draft for more than a month, during which time the affiant asked several times respecting it, each time being told that he and his associate counsel had not had an opportunity to go over it and determine as to its suffi-

ciency, *about February* 25, 1914, returned it with the state-
ment that it was not satisfactory and that nothing less than
the entire testimony would satisfy them—thus making it
necessary, if the Court should agree with them, to incor-
porate in the record a large body of testimony which, in the
humble judgment of the counsel for the appellant, was not
necessary, and which usually enhances the cost.

The affidavit of Mr. Clark which is corroborated by that
of Mr. Legg, states that the bills of exceptions were handed
to him by Mr. Garey on October 2, 1913; that he at once
communicated with Mr. Legg, his associate counsel, and sug-
gested that they meet in Denton October 6, 1913, for consul-
tation concerning the exceptions; and that a meeting was held
in Denton on October 6, 1913, at which time it was agreed
by Mr. Garey and both counsel for appellee, that Mr. Legg
should take the testimony and bills of exceptions to his home
in Centreville for examination, promising to return them on
the following Wednesday; "that on said Wednesday, October
8, 1913, and said Legg returned to Denton, bringing the
papers, and discussed them with this deponent; that the
affiant Garey came to deponent's office and was told that,
after having fully considered the said bills of exception,
counsel for the appellee had arrived at the conclusion that the
appellee was entitled, under the prayers passed upon by the
Court in the trial, to have the testimony in the case incor-
porated at large in the bills of exception to be filed; that
the affiant Garey disagreed with this conclusion of counsel
for the appellee, and said, 'Let's put it up to the Court to
decide,' referring to the judges of the Circuit Court for Caro-
line County; that this deponent's associate counsel then
called attention to the fact that the Court was sitting at
Denton, and proposed that the matter of the sufficiency of
the said bills of exceptions be forthwith submitted to the
Court, which was done in the presence of counsel for both
the appellant and the appellee, *on the eighth day of October,*
1913, and the Court, *on the same day, decided that the con-
tention of counsel for the appellee that the said bills of*

*exception were insufficient, was sound,* and stated to counsel that under the prayers passed upon in the trial of the case the appellee was clearly and undeniably entitled to have all the testimony in the case incorporated in the bills of exception to be filed by counsel for the appellant.

"That this deponent believed the contention between counsel for the two parties as to the sufficiency of the said bills of exception, marked Exhibit A and attached to the affidavit of counsel for the appellant heretofore filed in the Court of Appeals of Maryland, had been settled beyond question by the ruling of the Circuit Court for Caroline County on October 8, 1913, and this deponent heard nothing more from the affiant Garey concerning the same until a few days prior to the twenty-sixth day of November, 1913, when he was advised by the said Garey that he, Garey, had made an appointment with JUDGES ADKINS and HOPPER to hear him in reference to bills of exceptions in the above entitled cause on said date, and asked that counsel for the appellee be present at the hearing. This deponent immediately acquainted his associate, Legg, of this request of Garey, and the three appeared before JUDGES ADKINS and HOPPER at Easton, Maryland, on November 26, 1913. After hearing argument by counsel for the appellant on the sufficiency of the bills of exception then presented, this deponent and his associate counsel learned that they were identically the same bills of exceptions submitted to the Court in Denton on October 8, 1913, 'not a syllable being changed,' in the language of the affiant Garey at the Easton hearing. Upon the conclusion of the argument by the said Garey, and without hearing counsel for the appellee, JUDGES ADKINS and HOPPER affirmed the Court's ruling of October 8, 1913, and again advised the counsel for the appellant that the bills of exceptions offered for the second time were palpably insufficient, and directed that the testimony in the case be incorporated in the bills of exception.

"That late in the month of January, in the year nineteen hundred and fourteen, the affiant Garey presented to this deponent a re-draft of the said bills of exception—referred to

in the affidavit of said Garey hereinbefore mentioned as Exhibit B—for his inspection, and requested that this redraft be agreed to by counsel for the appellee as constituting and being sufficient bills of exception in the above entitled cause; to which request of the said Garey this deponent at once replied that counsel for the appellee would make no such agreement, but at the expressed desire of the said Garey this deponent did communicate by telephone with his associate counsel at Centreville concerning the request of the affiant Garey, and immediately thereafter advised the said Garey that his associate agreed with this deponent that the bills of exceptions must be made to conform to the Court's direction as to the incorporation therein of the testimony, and that no draft of bills of exceptions not thus conforming to the Court's ruling of October 8, 1913, would be accepted by counsel for the appellee as meeting the requirement of sufficiency; and within two or three days thereafter the redraft given this deponent by the affiant Garey was by this deponent returned to the office of the clerk of the Circuit Court for Caroline County, of which return of said paper the said Garey was at once notified by this deponent."

The record shows that on the 24th of November, 1913, the appellee filed in the lower Court a petition to dismiss the appeal. It appears from the facts stated that a disagreement existed between the counsel as to what the bills of exceptions should contain; that this agreement arose as early as October 8, 1913; that counsel for appellant was fully aware of the attitude of the appellee's counsel at that time, and that he had no reason to suppose that they would abandon their contention as to what facts should be incorporated in the record. They did not mislead him in any way. He understood their position perfectly. And it also appears that the bills of exceptions were not handed to the Court until about May 24, 1914. It was said in *Ewell* v. *Taylor,* 45 Md. 573. that "We cannot establish the precedent that an appeal may be delayed beyond the time fixed by law, and the appellant excused because of an anticipated agreement with the oppo-

site counsel in regard to the contents of a transcript of the record of his case. The rules regulating appeals are sufficiently explicit to indicate what it should contain. If it is defective, it may generally be remedied by a writ of diminution. Where the clerk is not in default, a very strong case must be made out by the appellant to rebut the presumption of *laches* on his part. He must satisfy the Court that by proper diligence a *correct* record could not have been made up and transmitted in time."

Here the appellant knew from October 8, 1913, that counsel for appellee would not agree to any bills of exceptions which did not embrace the whole testimony, and this knowledge presents a stronger reason for holding that the mere fact of disagreement furnishes no excuse for failure to transmit the record within the time prescribed by law. We said in *Wilmer* v. *Baltimore,* 116 Md. 338, that "in the case of appeals in cases at law it is the long settled practice in this State, in the event of a disagreement between counsel for the trial judge to determine what shall constitute the record." According to the affidavits of the counsel for appellee the trial judge did determine the question on October 8, 1913, and Mr. Garey states that the Court on November 26, 1913, determined that his first bills of exception were insufficient. We do not find that the appellee is responsible for the delay in sending up the record, and we do not see why the appellant could not, after consultation with the Court, have prepared and transmitted the record to this Court within the time required, and the appeal must therefore be dismissed.

*Appeal dismissed.*