REBECCA ZELLER

*vs.*

HYMAN SILVERMAN.

*Summary Proceeding—Mortgage Sale—Petition for Writ of Possession—Demurrer—Right of Appeal.*

The allegations of a petition, by a purchaser at a mortgage sale, under Code, art. 75, sec. 93, seeking to obtain possession, *held* sufficient to establish the right of the petitioner to the relief sought.　　　　　　　　　　　　　　　　　　　p. 341

The fact that the assignee of the tenant of the mortgagee remained in possession will not of itself defeat the right of a purchaser at a mortgage sale to a writ, under Code, art. 75, sec. 93, in the nature of a writ of *habere facias possessionem.*　p. 343

An order overruling a demurrer to a petition in a summary proceeding by a purchaser at mortgage sale, to obtain possession, is not appealable, since it is in the nature of an interlocutory ruling, and finally settles and determines no disputed right or interest of the parties.　　　　　　　　　　p. 343

A demurrer will not lie to a petition, under Code, art. 75, sec. 93, by a purchaser at mortgage sale, by which he seeks to obtain possession of the property, the statute saying that the writ of *habere facias* shall issue unless good cause to the contrary is shown.　　　　　　　　　　　　　　　p. 344

*Decided April 26th, 1923.*

Appeal from the Circuit Court of Baltimore City (CARROLL T. BOND, J.).

Petition by Hyman Silverman against Rebecca Zeller and others. From an order overruling a demurrer to the petition, said Rebecca Zeller appeals. Dismissed.

The petition was as follows:

### In the Circuit Court of Baltimore City.

—

*Hyman Silverman, Assignee,* vs. *Benjamin Hettleman and Jennie Hettleman.*

—

*To the Honorable the Judge of said Court:*

The petition of Hyman Silverman respectfully represents:

#### 1.

That on the first day of March, 1922, your petitioner became the purchaser of the mortgaged premises mentioned in the proceeding in the above cause, which were sold under a decree of this Court by Francis N. Buckley, trustee.

#### 2.

That said sale was duly reported to and finally ratified and confirmed by this court.

#### 3.

That Rebecca Zeller, assignee of tenant of the above-named defendants, continued to remain upon the said property, and are still in possession thereof, and refuse to give up the same.

Your petitioner, therefore, prays that an order may be passed by this Honorable Court requiring the said Rebecca Zeller, assignee, 315 South First Street, Brooklyn, to give and deliver up to your petitioner full possession of the mortgaged premises mentioned in the proceedings in the said cause and sold under the decree therein passed to your petitioner.

And as in duty bound, etc.,

FRANCIS N. BUCKLEY,
Solicitor for Petitioner.

(Affidavit Attached.)

The cause was submitted on briefs to Boyd, C. J., Bris-
coe, Thomas, Pattison, Urner, Stockbridge, Adkins,
and Offutt, JJ.

*Richard S. Culbreth* and *Jesse Fine,* for the appellant.

*Francis N. Buckley,* for the appellee.

Briscoe, J., delivered the opinion of the Court.

The appeal, in this case, is from an order of the Circuit
Court of Baltimore City, passed on the 4th day of October,
1922, overruling the demurrer of the appellant to the petition
of the appellee, for a writ of *"habere facias possessionem"*
against the appellant.

The petition, upon which the proceedings are based, avers
in substance:

First; that on the first day of March, 1922, the petitioner
became the purchaser of the mortgaged premises mentioned
in the proceedings in the cause named therein, which were
sold under a decree of the Circuit Court of Baltimore City,
by Francis N. Buckley, trustee.

Second; that the sale was duly reported to and finally rati-
fied and confirmed by the Circuit Court of Baltimore City.

Third; that the appellant, assignee of the tenant of the
defendants, the mortgagors named in the cause, continued to
remain upon the property, and are still in possession thereof,
and refuses to give up the same.

The prayer of the petition is, that an order may be passed
requiring Rebecca Zeller, the assignee, to give and deliver up
to the petitioner full possession of the mortgaged premises
mentioned in the proceedings in the cause, and sold under the
decree therein passed to the petitioner.

On this petition, the Circuit Court of Baltimore City, on
the 2nd day of August, 1922, passed an order that Rebecca
Zeller, the appellant on this appeal, and the defendant below,
show cause on or before the 18th day of August, 1922, why
she should not be required to deliver at once possession of
the property in the petition, to the purchaser thereof, pro-

vided, a copy of the order be served on Rebecca Zeller on or before the 7th day of August, 1922.

On the 16th of August, 1922, the appellant filed a demurrer to the petition, and alleging as a ground therefor, that the appellee had not alleged in his petition such a case as entitles him to any relief in a court of equity.

The question presented by the pleadings is a narrow one and is simply this, do the averments of the petition sufficiently meet the requirements of the statute, relating to applications, for writs of *habere facias,* and constitute the right of the petitioner to the relief sought by the petition, if supported by proof?

By section 93 of article 75 of the Code, it is provided in substance that whenever any lands or tenements shall be sold by any officer named therein, or by any trustee under the decree of any court of this State, * * * by any mortgagee under any power in any mortgage and the debtor named in such execution or decree, * * * shall be in actual possession of the lands and tenements sold and shall fail or refuse to deliver possession of the same to the purchaser thereof, the judge of the circuit court for the county in which the lands or tenements may be situate, or if situate in the City of Baltimore the judge of the circuit court, or of the Superior Court of Baltimore City, shall on application in writing, to be verified by the affidavit of the purchaser, unless good cause to the contrary be shown by the party or parties in actual possession, within not less than fifteen days nor more than thirty days from the filing of such application, issue a writ in the nature of a writ of *habere facias possessionem* reciting therein the proceedings which may have been had in said process, thereby commanding the sheriff of the county to deliver the possession of he lands or tenements to the purchaser thereof, etc.

In *Schaefer* v. *Amicable P. L. and L. Co.,* 53 Md. 83, it was said, the evil intended to be remedied by similar acts of assembly was, that debtors and those claiming under them after a sale, "held on to their possession until ousted by the

tedious process of ordinary judicial proceedings, thus against every principle of law and equity without the ability of making ultimate indemnity for their wrong doings, depriving purchasers for years of all enjoyment of the lands they had honestly paid for."

"The policy which induced the adoption of the summary proceedings at law, has engrafted the same remedies upon proceedings in equity. They are judicial in their nature, collateral to the decree under which the purchaser claims and intended to give it speedy effect."

In *Applegarth* v. *Russell,* 25 Md. 317, it was said, "The practice is settled in this State, that when a purchaser at a sale, under a decree has fully complied with the terms of sale, and possession of the premises purchased is withheld by a party to the suit, or by a person claiming under a party by title subsequent to the commencement of the suit, the purchaser may obtain an order under which possession will be delivered to him by proper process."

The allegations of the petition, in the present case, must be taken as true, as they are admitted by the demurrer, and are sufficient to establish the right of the petitioner to the relief sought by the petition. The law is well settled, that the fact that the assignee of the tenant of the mortgagee remained in possession, would not of itself defeat the purchaser's right to the writ. *Dill* v. *Satterfield,* 34 Md. 53.

In *Griffith* v. *Hammond,* 45 Md. 89, where the case was submitted on petition and answer, it was held, where the party in possession claims title paramount and adverse to the purchaser and to all of the parties to the suit under which the property was sold, the writ should be denied, and not granted. *Nutwell* v. *Nutwell,* 47 Md. 35; *Miller* v. *Wilson,* 32 Md. 297.

But apart from this, it is clear, in our opinion, that an order overruling a demurrer to a petition, in a summary proceeding of this kind, is not appealable, because it is in the nature of an interlocutory ruling, and finally settles and determines no disputed right or interest of the parties. *Peoples*

v. *Ault,* 117 Md. 631; *Hendrickson* v. *Standard Oil Co.,* 126 Md. 583; *Wilmer* v. *Placide,* 127 Md. 339.

While we decide that the order overruling the demurrer in this case is not appealable, we may add, that the language of the statute would seem to show the impropriety of a demurrer to the petition for the order. The statute says that the writ of *habere facias* shall issue unless good cause to the contrary be shown, and a demurrer to the petition or motion for the writ can ordinarily not be regarded as showing good cause, why the writ should not issue.

We are not aware of any case in which this Court has recognized the propriety of a demurrer to the motion or petition in a summary proceeding of this kind.

But without going so far as to say that it is never admissible in such a proceeding, we think, that the terms of the statute in regard to this particular proceeding are conclusive and it is not a proper proceeding.

In *Schaefer* v. *Amicable Perm. Land & Loan Co.,* 53 Md. 88, it is said: "To show good cause in the sense of the statute means not only to object in writing, but to answer in solemn form, according to the usages and practice of the court in which the procedings are pending under the sanction of an oath (if in equity), the allegations of the petition, that the court may have some warrant for withholding the relief, it is commanded to give; otherwise, a proceeding intended to be summary in its nature, might be protracted indefinitely, and the law virtually evaded. It implies also in this connection, not only averments, but evidence to sustain them, constituting good cause to the contrary. The *prima facie* title of the purchaser to possession established by the record, must be overcome by proof to the contrary. The *onus probandi* is on the respondent, by virtue of the statute." *Nutwell* v. *Nutwell,* 47 Md. 43; *Meloy* v. *Squires,* 42 Md. 383.

For the reasons stated, the appeal in this case must be dismissed.

*Appeal dismissed, with costs.*