# EDWIN M. WILMER, ADMINISTRATOR, *vs.* WARREN J. HAINES ET AL.

*Appeal—Transcript of Record—Delay in Transmission.*

Where appellant did not instruct the clerk to make up the record until February 9th, and did not furnish him with a transcript of the testimony until February 13th, and on that day the clerk advised appellant that the transcript was ready and as to the costs thereof, and, receiving such costs February 17th, immediately forwarded the transcript to the Court of Appeals, *held* that the fact that the transcript was not received until February 19th, one day too late, was not shown to have been caused by the neglect, omission, or inability of the clerk or the appellee, and the appeal must be dismissed.

*Decided May 13th, 1925.*

Appeal from the Circuit Court for Cecil County, In Equity (ADKINS, C. J., WICKES and KEATING, JJ.).

Bill by Edwin M. Wilmer, administrator of Mary W. Torbert, deceased, against Warren J. Haines and others. From a decree dismissing the bill, plaintiff appeals. Appeal dismissed.

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, and WALSH, JJ.

*David Ash,* for the appellant.

*William J. Bratton,* for the appellees.

PARKE, J., delivered the opinion of the Court.

The motion to dismiss the appeal is based on the ground that the transcript of the record was not transmitted to the

Court of Appeals within three months from the time of the appeal prayed. The order for the appeal was filed on November 18th, 1924, and the record was not received by the Court of Appeals until February 19th, 1925, which was one day too late, unless the failure to comply with the statute was due to a delay which was occasioned by the neglect, omission, or inability of the clerk or the appellee. *Bagby's Code* 1924, art. 5, secs. 37, 44; *Horseman v. Furbush,* 124 Md. 581; *Md., D. & V. Ry. Co. v. Hammond,* 110 Md. 124; *Marx v. Reinecke,* 142 Md. 342.

Although the decree was passed and filed in the cause on September 19th, 1924, the appeal was not taken and entered until November 18th, at quarter past four in the afternoon, or barely within the two months' period allowed for an appeal. *Bagby's Code,* art. 5, sec. 36. The testimony was given in open court on September 19th, and appears in the record as having been filed as of that date, but it was, in fact, not then actually filed, as the testimony was taken by a stenographer, whose notes were not transcribed until later. The clerk could not make up the record until the stenographic notes had been reduced to writing and filed with the clerk in the cause. It was not, however, until February 9th, 1925, that the clerk received instructions to proceed with the making of the record, and even then the typewritten testimony was not on the court file but was forwarded by the counsel for the appellant to the clerk on February 13th. On the same day, the clerk completed the making of the record, and advised the solicitor for the appellant that the record was ready for transmission, and what the costs of the transcript would be. Code, art. 5, sec. 45. The clerk received on February 17th through mail from the solicitor for the appellant a check for the costs of the record, and on that day the record was duly forwarded to the Court of Appeals, where it arrived on February 19th.

The burden of proof was upon the appellant to establish that delay was caused by either the neglect, omission, or inability of the clerk or appellees. A careful weighing of the affidavits filed on the motion to dismiss the appeal has con-

vinced the court that the appellant has not met the requirement of the statute. We find nothing from which the court would be justified in ascribing the delay to anything attributable to the appellees or to the clerk. Under all the circumstances, the clerk acted promptly and diligently, and the appellees are not shown to have been the occasion of any delay. When the appellant kept the testimony under his control so that it was not actually in the possession of the clerk until February 13th, he certainly is not in a position to charge delay to a clerk who, on that very day, completed the record, notified the appellant, awaited the payment of his costs, and forwarded the record on their receipt. If the record was not delivered to this Court within the prescribed period, the failure may be more justly assigned to the course of the appellant. The clerks of court have a limited number of assistants and their offices have many and various duties, whose speedy dispatch is a matter of quite as much public concern and interest as the making of a record, yet we find an unusually quick discharge of the clerk's duty here, after a waste by the appellant of many days of the time allowed for the transmission of the transcript of the record.

Under the rule the appeal will have to be dismissed, but, as the lower court imposed on the appellant personally the payment of the costs, we have examined the record and find that there was no error in the decree of the lower court of which the appellant has any right to complain, and that we would have affirmed the decree, if the record had been duly received.

Under the circumstances of this case, the appellant took the appeal at his own risk and not of the estate of which he is the administrator.

*Appeal dismissed, the appellant to pay individually the costs of this appeal.*