## EASTERN SANITARY SUPPLY COMPANY *v.* IDA COOPER ET AL.

[No. 20, January Term, 1931.]

*Decided March 19th, 1931.*

The cause was argued before BOND, C. J., PATTISON, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Albert A. Sapero,* with whom was *Bernard B. Feikin* on the brief, for the appellant.

*Louis M. Silberstein, William P. Cole, Jr., Silberstein & Gorfine,* and *Heninghausen & Stein,* submitting on brief, for the appellees.

The opinion was delivered *per Curiam.*

Upon an appeal, from a decree in equity, entered on August 22nd, 1930, the record was filed in this court on December 19th, 1930, or after the expiration of three months allowed by rule 10 of this court and section 37 of article 5 of the Code. And, in explanation, the appellant has filed an affidavit showing that counsel for the appellee, by reason of press of other business, found it difficult to give attention to the contents of 'the record, to determine whether it included all that he might consider necessary to a proper presentation of the case, and that, after the failure of appellant's efforts at a timely settlement by agreement, counsel for both parties adopted the expedient of extending the time allowance. The record as printed contains an agreement of counsel and an order of the trial court, both dated November 14th, 1930, for an extension of time to December 22nd, 1930.

This court is clear in its opinion that the statute and rule of the Court of Appeals cannot be dispensed with or suspended by such an agreement or order of court. The question raised by the facts recited is only the usual one, whether under article 5, section 44, of the Code, the delay can be excused because attributable to the clerk of the trial court or to the appellee. And we think it cannot be so excused, for the reason that it is not the intention of the statutes and rules, and it is not necessary, that they should thus be made to defer to the convenience of parties. Inability of counsel for an appellant to get the co-operation of opposing counsel does not prevent transmission of a record in time. Rule 11 and section 38 of article 5 of the Code direct to a large extent the making up of records in equity cases, and, if necessary, an appellant can incorporate desired papers, and transmit the whole, without waiting for the appellee. *Ewell v. Taylor,* 45 Md. 573, 575; *Wilmer v. Baltimore,* 116 Md. 338, 340, 81 A. 685; *Spedden v. Refrigerating Co.,* 117 Md. 443, 448, 84 A. 150.

*Appeal dismissed.*