## LORENZO PRICE *v.* STATE OF MARYLAND.
[No. 30, April Term, 1931.]

*Decided April 30th, 1931.*

The causes were argued before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*G. L. Pendleton,* for the appellant.

*Wm. P. Lane, Attorney General, William L. Marbury, Jr., Assistant Attorney General, Herbert R. O'Conor, State's Attorney for Baltimore City,* and *James C. L. Anderson, State's Attorney for Baltimore County,* submitting on brief, for the State.

BOND, C. J., delivered the opinion of the Court.

The case comes before this court after a second trial and conviction of the appellant. See *Price v. State,* 159 Md. 491. Upon the hearing two motions have been presented, both growing out of failure of the appellant to file a record in this court within three months after appeal taken, as required by the statutes and rules of court. Code, art. 5, secs. 6 and 44; Rules 2 and 18. The State moves that the appeal be dismissed, as required by law, in the absence of excuses specified; and the appellant moves for a postponement until after the expiration of another period of three months, for filing an additional record, after a second order for appeal entered a month before the beginning of the present term of court, and a month and a half before the case came up for hearing in regular order. A record filed before the beginning of the term brought the case regularly into the April term of court. Code, art. 5, sec. 43; Rule 17; *United Rwys. v. Corbin,* 109 Md. 52, 54, 71 A. 131.

The verdict on the second trial, finding the appellant guilty of murder in the first degree, was rendered on December 5th, 1930; a motion in arrest of judgment was filed on December 8th, 1830, and on the same day overruled; and after the overruling of that motion the judgment and sentence were entered, also on December 8th, 1930. The appeal was ordered a week later on December 15th, 1930. On February 27th, 1931, the time for filing a bill of exceptions was extended

by order of court until April 1st, 1931, but the court is informed by counsel for the appellant that no bill of exceptions was filed within the time thus allowed. The record of proceedings, without any bill of exceptions added, was sent to this court by order of the appellant's attorney on March 27th, 1931, or after the expiration of the time permitted by the statutes and rules. No error appears in that record.

On March 2nd, 1931, the appellant's attorney filed a paper, described by him as a motion, but containing no request for action by the court, and the court, after a hearing, overruled it. That paper stated an objection to the verdict in that it was rendered under provisions of article 15, section 5, of the Constitution of the State, that: "In the trial of all criminal cases, the jury shall be the Judges of Law, as well as of fact." This, it is objected, is contrary to the requirements of articles 2 and 5 of the Maryland Declaration of Rights, and article 5 of the Constitution proper. The two sections of the Declaration of Rights cited refer respectively to the supremacy of the Constitution and laws of the United States, and the right of the inhabitants of the state to the common law of England and trial by jury; and article 5 of the Constitution proper refers, in its various sections, to the offices of Attorney General and state's attorney. Possibly a reference to the Fifth Amendment of the Constitution of the United States was intended, although, as is well known, that amendment does not apply to proceedings in state courts. *Barron v. Baltimore,* 7 Pet. 243, 8 L. Ed. 672. The Maryland provision to which, it is announced, an objection is made, is a common one in this country, and has been applied regularly in this State since its adoption in the Constitution of 1851, art. 10, sec. 5. *Rasin v. State,* 153 Md. 431, 435, 138 A. 338.

In point of fact, it does not appear that any question of law was referred to the decision of the jury in the case. Conceivably, a bill of exceptions might show such a decision, but there is no bill of exceptions. The section of the Constitution objected to is a clear provision, of equal force with the other provisions of the Constitution cited, and not at all sub-

ordinate to those others, or in conflict with them. It could not be found from anything in the record that the trial judges had the objection presented to them, and ruled upon it, as a motion to strike out the judgment and sentence. The objection stated to the verdict is not, in substance, one for which a motion to strike out the judgment and sentence would be appropriate; it is an objection of error in proceedings during the course of trial, and, if valid, would be a ground for reversal of the judgment and sentence upon the appeal already taken on December 15th, 1930. And a litigant can prosecute only one appeal for review of errors during a trial. *Gittings v. State,* 33 Md. 458.

There being no record filed in this court within the three months after the first appeal, there is no escape from dismissal of that appeal, consistent with recognition and obedience of the statutes and rules of court. There must be some limit to delay in such proceedings, and there can be no limit unless that which is prescribed is adhered to. The allowance of three months is an ample one. Moreover, it is fixed beyond interference by this court. "The rule has the binding force of a statute, and its observance is obligatory on this court. We have no power to relax it, or to disregard it so long as it remains unrevoked. Cases falling under it are not within the domain of judicial discretion, but they are governed by its imperative provisions." *Steiner v. Harding,* 88 Md. 343, 41 A. 799, 800; *Brill v. State,* 144 Md. 68, 124 A. 414; *Luray v. State,* 157 Md. 635, 147 A. 599. There would be no justification for the postponement requested for filing an additional record for the second appeal, if that appeal were well taken, for, there being no bill of exceptions, there is no additional record to wait for. And we must hold that appeal not well taken, but one that, being a mere repetition of the previous appeal, must also be dismissed. The judgment and sentence of the trial court will thus be left in full force and effect.

*Appeals dismissed.*