# HYMAN PRESSTMAN *v.* ISADORE FINE.
## [No. 4, January Term, 1932.]

*Decided March 3rd, 1932.*

The cause was argued before BOND, C. J., URNER, AD-
KINS, DIGGES, and SLOAN, JJ.

*Joseph Loeffler,* with whom were *George E. Robinson* and *Harry Lazarus* on the brief, for the appellant.

*Allan H. Fisher* and *Eugene Schonfield,* with whom were *Schonfield & Schonfield* on the brief, for the appellee.

Adkins, J., delivered the opinion of the Court.

The appellant and appellee, partners in a general merchandise business, having been discharged in bankruptcy, both as partners and individuals, desired, according to appellee's story, notwithstanding the discharge, to pay in full certain creditors who had lent them money. Accordingly, they entered into an agreement that appellee should pay these creditors and appellant would repay him one-half the amount. There were four of these creditors and the aggregate of their claim was $4,300. Appellee sued appellant on the common counts to recover one-half of said amount. The suit was commenced on March 5th, 1929, but was not tried until April, 1931, resulting in a verdict for plaintiff for $1,500, on which judgment was entered on April 30th, 1931.

There is but one exception and that was reserved to the ruling on the prayers. The court granted plaintiff's prayer, granted defendant's first prayer in connection with plaintiff's prayer, and refused defendant's second prayer. The exception is to the granting of plaintiff's prayer, the refusal of defendant's second prayer, and to the granting of defendant's first prayer in connection with plaintiff's prayer.

The objection urged to plaintiff's prayer is that it permits a recovery by plaintiff of one-half of any amount which the jury might find was paid by plaintiff; whereas, it is contended, the condition precedent to any recovery was the payment by plaintiff of the entire amount of the claims which it was agreed should be paid.

There was a concession in the case that the parties were discharged from said claims by the discharge in bankruptcy, and that the liability of the defendant depends upon whether he authorized plaintiff to pay them and agreed to pay one-half; and whether plaintiff complied with the agreement. Defendant denies that there was any such agreement. He

further contends that, according to plaintiff's own testimony, defendant was not liable at the time of the bringing of the suit, because he was not required to pay anything until plaintiff had paid all the claims in full, and a small part of one of these claims had not been paid at the time suit was docketed. It is not perfectly clear, considering plaintiff's testimony as a whole, whether he was to be paid one-half only when he had paid all the claims in full; or whether, as he completed the payment of any of the claims, defendant was to pay him half of that claim. The first part of the challenged prayer seems to be predicated upon the theory that it was an entire sum to be paid. In that view the end of the prayer is not consistent with the beginning, and should not have been granted in that form. But we do not find any prejudicial error. The jury evidently believed plaintiff's story and gave him a verdict for $1,500. If the story was true, there had been a substantial compliance by plaintiff at the time of bringing suit, even if that agreement required him to pay all the claims in full before he could have any demand upon defendant. The verdict of the jury was for $1,500, which left more than enough in defendant's hands, of the $2,150 which plaintiff claimed, to pay the balance due the one creditor whom plaintiff had not paid in full at the time of bringing suit. In such circumstances the case should not be sent back for a new trial on a bare technicality.

It is not apparent to us why defendant's first prayer should have been granted in connection with plaintiff's prayer, but it could not have prejudiced defendant.

We find no error in the refusal of defendant's second prayer, as it would have prevented recovery notwithstanding the jury should find the agreement and a substantial compliance therewith by the plaintiff, and no intentional default on his part, and notwithstanding the default was so trivial that it could be allowed for in the verdict.

In *Speed v. Bailey,* 153 Md. 655, 661, 139 A. 534, it is said that while the doctrine of substantial compliance has been more widely applied to building contracts, it has not been confined to them, but has been applied in many cases

where the breach was relatively small as compared to the whole contract and did not go to the root of the contract; that is to say, it is applied where the breach complained of is inconsequential in its nature and is readily compensated for by damages. And in *Williston on Contracts,* sec. 805, it is said: "In many jurisdictions it is held that even though an express condition is not complied with, the plaintiff who has substantially performed, may recover the contract price for his performance, less whatever amount may be necessary to compensate the defendant for failure to comply with the condition qualifying his obligation."

See also *Hammaker v. Schleigh,* 157 Md. 652, 147 A. 790. The principle announced by the above authorities could readily be applied in the present case and apparently was applied by the jury in its verdict.

There was no motion to dismiss the appeal and the case was fully argued. We have therefore discussed the points argued, and from what has been said it follows that the judgment would be affirmed if the appeal could be entertained. But it appears from the docket entries that the record was not filed in this court within ninety days from the date the appeal was entered, as required by rule 2 of this court, section 6 of article 5 of Code. The appeal was entered on June 24, 1931, and the record was filed in this court on October 9, 1931. By section 44 of article 5 of Code it is provided: "No appeal shall be dismissed because the transcript shall not have been transmitted within the time prescribed, if it shall appear to the Court of Appeals that such delay was occasioned by the neglect, omission or inability of the clerk or appellee; but such neglect, omission or inability shall not be presumed, but must be shown by the appellant."

It is not alleged in this case that the delay was occasioned by any fault or inability either of the clerk or the appellee. Indeed, no excuse for the delay is offered, except such as may appear from a petition filed by the appellant in the trial court on August 19, 1931, alleging "that the unavoidable inability of the stenographer to deliver promptly the transcript of the

testimony * * *, together with the preparation of a large record and extensive bill of exceptions, in addition to other circumstances, of which counsel for the plaintiff-appellee are cognizant, has prevented your petitioner from submitting the bill of exceptions to said counsel within the period prescribed therefor," and praying for an extension of time for thirty days, and for fifteen days additional for an examination and approval of the record by counsel for appellee, to which counsel for appellee assented, whereupon the trial court granted the extension.

But we held in *Eastern Sanitary Supply Co. v. Cooper,* 160 Md. 511, 154 A. 50, that the statute and rule of this court could not be dispensed with by agreement of counsel and order of court, and none of the reasons alleged in the petition bring the case within the exception allowed in section 44. See also *Marx v. Reinecke,* 142 Md. 342, 347, 120 A. 876.

In *Horseman v. Furbush,* 124 Md. 581, 93 A. 149, the rule was enforced although the record was received by the clerk of this court only one day late, and was actually mailed a day before the last day for filing the record.

*Appeal dismissed.*