DOUGHNUT CORPORATION OF AMERICA ET AL. *v.* LUTHER CHAPMAN

[No. 27, October Term, 1943.]

*Decided December 14, 1943.*

The cause was argued before SLOAN, C. J., DELA-PLAINE, COLLINS, MARBURY, GRASON, MELVIN, ADAMS, and BAILEY, JJ.

*Hyman Ginsberg,* with whom were *H. Beale Rollins, Saumel S. Smalkin* and *Ginsberg & Ginsberg* on the brief, for the appellants.

*Paul Berman, Jerome A. Loughran* and *Eugene A. Alexander, III,* submitted on brief for the appellee.

SLOAN, C. J., delivered the opinion of the Court.

In this case a motion to dismiss the appeal was filed by the appellee because of delay in the transmission of the record to this court.

The docket entries show that judgment was entered December 21, 1942. February 20, 1943, an order for appeal was filed, which was the last day, but one, in which it could have been taken. The record was transmitted to this court on June 10, 1943, and received and filed here on June 11, 1943, three weeks after the time fixed by statute and the rule of this court. Art. 5, Sec. 6, Code, 1939; Rule 2. December 18, 1942, an order was passed extending the time for filing the bill of exceptions to February 28, 1943. February 23, 1943, the time was further extended to sixty days from February 28, 1943.

April 10, 1943, the time was further extended to sixty days from April 28, 1943, or five weeks beyond the time allowed for transmission of the record. The bill of exceptions was not filed until May 29, 1943, three months and nine days after the appeal was taken. On June 8, 1943, the clerk sent letters to counsel to examine the record before transmission to the Court of Appeals. The same day it was examined by counsel for appellants. On June 9th, a letter was received by the clerk from counsel for the appellee that they refused to examined the transcript because the time for transmitting the same to the Court of Appeals had expired. The next day it was transmitted.

The law with respect to time within which appeals can be taken, bills of exception signed, and records transmitted has been fully covered in the case of *Marx v. Reinecke*, 142 Md. 342, 120 A. 876, and a reference to that case is alone sufficient to support the motion to dismiss in this case. See also *Presstman v. Fine*, 162 Md. 133, 136, 159 A. 265; *Williams Realty Co. v. Robey*, 175 Md. 532, 534, 2 A. 2d 683; *Brill v. State*, 144 Md. 68, 69, 124 A. 414; *Price v. State*, 160 Md. 670, 671, 154 A. 556.

Section 6, Article 5, of the Code, 1939, provides that all appeals from a court of law must be taken within two months from the date of judgment, "and not afterwards," (the appeal here allowed only one day's grace) "and the transcript of the record shall be transmitted to the Court of Appeals within three months from the time of the appeal taken or writ of error allowed." Rule 2 of this court.

The only excuses for the failure to comply with Rule 2 are contained in Rule 18; Code, 1939, Art. 5, Sec. 45, where it is said: "No appeal shall be dismissed because the transcript shall not have been transmitted within the time prescribed, if it shall appear to the Court of Appeals that such delay was occasioned by the neglect, omission, or inability of the clerk or appellee; but such neglect, omission or inability shall not be presumed, but must be shown by the appellant."

This court has not lightly regarded these rules and has always insisted upon their observance. In view of the frequent complaints of the law's delays, the non-observance of these rules, which allow ample, some say too much, time, would naturally invite and merit criticism.

In this case there is no pretense that the three weeks' delay in the transmission was the fault of the clerk or the appellee; the evidence of the record is that it was the fault of neither. Here the blame is put on the court stenographer. There is an affidavit of the stenographer and a statement of the trial judge as to just what happened with respect to the preparation of the record and the submission of the bill of exceptions. Regardless of the charges, we are not going to say that this record could not have been transmitted in the time fixed by the statute and the rules of this court. The record was three weeks late reaching this court, and the delay was not for any reason covered by Rule 18. The only decision to be made by this court is whether to follow the rules or yield to the importunities of the appellants. We are going to stand on what we regard as a liberal rule.

*Appeal dismissed, with costs.*