GIANT FOOD, INC., ET AL. *v.* HATCHER

[No. 160, September Term, 1969.]

*Decided December 23, 1969.*

The cause was argued before HAMMOND, C. J., and MC-WILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*Henry E. Weil,* with whom were *Shapiro & Weil* on the brief, for appellants.

*Leonard J. Ralston, Jr.,* with whom were *Ashcraft & Gerel* on the brief, for appellee.

FINAN, J., delivered the opinion of the Court.

The Giant Food, Inc., employer, and Travelers Insurance Company, its insurance carrier (appellants), have appealed an order of the Circuit Court for Prince George's County dismissing their appeal of an award of the Workmen's Compensation Commission (Commission) in favor of Glenna Hatcher, claimant (appellee).

The appellants were confronted with two crises in their efforts to perfect their appeal. They survived the first but unfortunately, not the second. We shall discuss both.

The date of the award by the Commission from which the appeal is taken is July 1, 1968. In the early part of October, 1968, appellee's counsel notified appellants' counsel that the circuit court had not as yet received the record from the Commission. Upon inquiry, appellants' counsel learned that the Commission had not received notice of the appeal and would take no further action in transmitting the record to the circuit court, until the issue of whether the appeal had been timely filed, was settled by the court. In a letter dated October 11, 1968, to

appellants' counsel, the Commission stated that it had not received any notice of the appeal and:

> "* * * With reference to the appeal, the Commission will take no further action until we receive instructions from the Circuit Court for Prince George's County, Maryland."

The appellee filed a motion to dismiss the appeal on the basis that the appellants had violated Maryland Rule B2 c, which requires that an appellant, prior to filing an order for appeal, serve a copy with the agency from which the appeal is taken and Maryland Rule B4, which requires that the order for appeal be filed within 30 days from the date of receipt of notice of the action appealed from. Maryland Rule B5 provides that a default under Rule B2 c or B4 is grounds for dismissal of an appeal. However, on November 21, 1968, the lower court, after hearing argument, denied the appellee's motion to dismiss; thus, the appellants survived the first crisis attendant to their appeal.

The second crisis arose over the failure of the Commission to transmit a copy of the record of its proceedings to the clerk of the circuit court within thirty days after receipt of the notice of appeal. Under Maryland Rule B7 c, unless such a delay is occasioned by the fault of the agency appealed from or other party, other than the appellant, it is grounds for dismissal of the appeal. From the record before us, it appears that the transcript of the record was never transmitted by the Commission to the Circuit Court for Prince George's County. This glaring omission was not discovered until May 16, 1969, when the parties appeared in court for trial.

The issue before this court is whether the delay and neglect in having the record transferred from the Commission to the circuit court was excusable under Rule B7 c. We feel that it was not.

The appellants would place the blame for the delay in transmitting the record upon the Commission. However, we find nothing in the record to support this contention.

The action of the lower court on November 21, 1968, whereby it denied the appellee's motion to dismiss the appeal, had the effect of absolving the appellants from any blame in the Commission's failure to receive notice of the appeal within the 30 day period after the award. We would assume this to be true although the record is devoid of any reason for the court's ruling, there being merely a docket entry showing the denial of the motion to dismiss. However, the appellants could not blandly assume that the court's ruling meant that the Commission had received its notice of appeal, particularly in view of the fact that the Commission stated that it had no record of the receipt of any appeal in its file. The only issue that the court's ruling on November 21, 1968, resolved was that the court was satisfied that if notice of the appeal had not been received by the Commission, for what may have been any of several reasons, that it was not through the fault of the appellant. Certainly, under these circumstances the least the appellants could have done was to ascertain that the record was transmitted to the circuit court by the Commission within 30 days after the favorable ruling they had received on November 21, 1968. Unfortunately, there was no effective follow-up by the appellants from that date until May 16, 1969, the date of the trial.

It is true that the record discloses that the letter from the Commission to counsel for the appellants states that: "With reference to the appeal, the Commission will take no further action until we receive instructions from the circuit court." However, there is nothing in the rules or the law which required the court or the clerk of the court to forward the results of the hearing on November 21, 1968, to the Commission. There is nothing in the rules or the law which would require the Commission to maintain continuing contact with the circuit court to ascertain the posture of this case. We think that the obligation to make certain that this vital communication had been received by the Commission was upon the party who had initiated the appeal from the Commission, in

this instance, the appellants. There was certainly nothing to prevent the appellants from obtaining a court order to have the record transmitted to the court after the hearing of November 21, 1968. In conjunction with this we note that Maryland Rule B7 b, provides:

> "b. Change of Time.
> Upon application of any party, including the agency, and for sufficient cause shown, the court may direct that the record be transmitted in such shorter or longer time, not exceeding ninety days after receipt of the first copy of a petition of appeal, as may be ordered, except that the record need not be transmitted until after disposition of a demurrer or similar pleading."

However, even without the benefit of Rule B7 b, we are of the opinion that the circuit court upon petition by appellants, unquestionably, could and would have ordered the Commission to transmit the record of its proceedings to the clerk of the court.

True, counsel for the appellants did write the Commission on March 3, 1969, requesting that an original and two copies of the testimony be transcribed and sent to his law office. In his statement of the facts, counsel for the appellants sets forth that by letter he requested that a copy of the transcript be forwarded to the office of the clerk of the court. However, the letter of March 3, 1969, filed as an exhibit, clearly indicates that the request provided for forwarding to counsel's law office and not to the office of the clerk of the court. Counsel for the appellants also places some reliance on the fact that on March 17, 1969, he personally forwarded an original transcript of the testimony received by him from the Commission to the office of the clerk of the court at which time he requested the case be scheduled for trial. However, it should be borne in mind that this was merely a transcript of the testimony taken before the Commission and not a transcript of the record as required by the Rules.

The appellants also rely on the doctrine of *res judicata* contending that the ruling of the court on November 21, 1968, denying the appellee's motion to dismiss the appeal was determinative of the motion to dismiss made on May 16, 1969. However, this proposition is without merit since the respective motions were predicated and decided upon different sections of the Maryland Rules of Procedure. Appellee's original motion to dismiss was based on Maryland Rule B2 c and B4, whereas the motion to dismiss on May 16, 1969, which led to the present appeal was based and decided upon Maryland Rule B7 c.

It is regrettable that this case could not have been heard on its merits. This is especially true when it may be reasonably assumed that a consultation with the clerk of the court's office after the hearing on November 21, 1968, would have clarified the entire matter and pointed the way for the necessity of an order of the court directing transmission of the record from the Commission to the circuit court. A telephone call or further explanatory letter to the Commission itself, after the November 21, 1968 hearing, would no doubt have been productive of information as to what action the Commission would require for it to respond with the transmission of the record to the office of the clerk of the court. Indeed, it would have been within the bounds of reasonable caution for the appellants to have checked the records of the clerk of the court within the 30 day period following the ruling of November 21, 1968, to make certain that the record arrived in time as prescribed by the Rules. The record fails to reveal that any of this was done, and we are of the opinion that the blame for the failure to transmit the record of the Commission to the clerk of the court must rest with the appellants.

*Order affirmed, appellants to
pay costs.*