GOLDMAN, ET AL. *v.* TAUBER, ET AL.

[No. 349, September Term, 1969.]

*Decided May 11, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SMITH and DIGGES, JJ.

*Harry S. Shapiro* for appellants.

*Ronald H. Goodman*, with whom were *Friedman & Goodman* on the brief, for appellees.

PER CURIAM.

Appellants, Robert L. Goldman, *et al.*, sought an injunction restraining appellees, Charles L. Tauber, *et al.*, from continuing with certain construction work on their property and improving or modifying it, contending that it was in violation of the zoning ordinance. It was their contention that there was no lawful nonconforming use

for the property and, if there were a nonconforming use, that appellees proposed an unlawful extension of a nonconforming use.

The appeal from the decree of the chancellor dismissing the bill of complaint was entered on September 10, 1969. An order was obtained in the Circuit Court for Baltimore County extending the time for filing the record in this Court to December 12, 1969. The record was certified by the Clerk of the Circuit Court for Baltimore County on December 11 and filed on December 12.

Maryland Rule 825 b provides "the lower court shall not extend the time [for transmitting the record] to a day more than ninety days from the date after the first order for appeal is filed". December 12 was more than 90 days after the date the appeal was filed.

In the absence of a showing by the appellant that the delay was occasioned by "the neglect, omission or inability of the clerk of the lower court, the court stenographer or appellee" as specified in Maryland Rule 825 d, the appeal must be dismissed. *Horseman v. Furbush,* 124 Md. 581, 93 A. 149 (1915). These provisions cannot be dispensed with by agreement of counsel and order of the trial court, *Presstman v. Fine,* 162 Md. 133, 137, 159 A. 265 (1932). For failure to comply with the rules the case may be dismissed on motion or by the Court on its own motion. *Butler v. Reed-Avery Co.,* 186 Md. 686, 690, 48 A. 2d 436 (1946). *Cf. Agnoli v. Powers, Assignees,* 235 Md. 289, 201 A. 2d 487 (1964).

There is no showing here that the delay "was occasioned by the neglect, omission or inability of the clerk of the lower court, the court stenographer or appellee." Accordingly, the appeal must be dismissed. If, however, the case had been considered on its merits, we would have affirmed the decree of the trial court.

*Appeal dismissed; appellants to pay the costs.*