## VINER *v.* MANOR COUNTRY CLUB, INC.

[Nos. 105 and 381, September Term, 1969.]

*Decided June 3, 1970.*

The cause was argued before McWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*H. Hughes Spragins,* with whom were *Tomes, Spragins & McDonald* on the brief, for appellant.

*Joe M. Kyle,* with whom were *Heise, Kyle & Jorgensen* and *David Macdonald* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

Appellant Robert V. Viner filed two similar suits in the Circuit Court for Montgomery County in which he sought injunctions to restrain appellee Manor Country Club, Inc. (a private social club) from suspending his privileges as a member. Compensatory and punitive damages were also requested. He alleged that the attempted suspension resulted from his refusal to pay all of his dues, but that a substantial portion of these dues were assessed by the club's board of governors in violation of the club's constitution and by-laws. The first suit filed was No. 34,118 in the Circuit Court and is No. 105 in this Court. The issues it raised were decided by Judge Ralph G. Shure contrary to appellant's contentions. The second case likewise resulted in appellant's position not being sustained in an opinion by Judge James H. Pugh. It is No. 37,021 in the Circuit Court and No. 381 here. Even though there are separate records and briefs, there were simultaneous arguments in this Court. Since both cases involve the same parties, and appellant in each presents similar issues for our determination, we will treat the cases together in one opinion. Appellee has moved to dismiss both appeals because in each case appellant has failed to print a record extract complying with Maryland Rule 828 a and b. Additionally, in appeal No. 105 appellee says no appeal was taken within the thirty days prescribed by Rule 812. Oral arguments were heard on the motion to dismiss and the merits of the cases at the same time. We now conclude appellee's motion to dismiss must be granted and consequently do not reach the contentions made on the merits.

## Appeal No. 105

The initial printed record extract was filed in this

Court as a part of the appellant's brief. This entire record extract was confined to the printing of one exhibit, an agreement between Manor Club Estates, Inc. (the original development company) and appellee. The original record, however, contains appellant's complaint, appellee's answer, a sixty-nine page transcript of testimony with eighteen exhibits, Judge Shure's opinion and the trial court's decree. Appellant attempted to supply the obvious deficiency by seeking leave, just before the scheduled argument, to file a supplemental record extract containing the original complaint, the trial court's "Memorandum Opinion" and what is styled "Excerpts from Manor Club, Inc. Board of Governors meeting April 13, 1966." We are not compelled to rule specifically on this belated request because even this supplement does not comply with Rule 828 a and b. Rule 828 a states: "The appellant shall cause to be printed . . . as an appendix to his brief, extracts from the record . . . ." Rule 828 b 1 (a) and (b) provide the printed extract shall contain:

(a) The judgment appealed from, together with the opinion or charge of the lower court, if any.

(b) So much of the evidence, pleadings or other parts of the record as is material to any question the determination of which depends upon the sufficiency of the evidence, pleadings or other matter contained in the record to sustain any action, ruling, order or judgment of the lower court."

On the merits appellant contends that appellee is discriminatorily attempting to assess dues against him in violation of its own constitution and by-laws. Absent from this record extract is the final decree, the appropriate portions of the club's constitution and by-laws, and testimony relative to the action taken by the club in creating its dues structure or how it affects appellant and other members. From this it is clear we are unable to decide the question presented since the record extract, even

as supplemented, is patently deficient in necessary content.

We have repeatedly dismissed appeals where the appellant's record extract was insufficient for a determination of the questions raised. *Prime Contractors v. M. & C.C.,* 241 Md. 55, 215 A. 2d 214 (1965) and cases cited therein.

There is a further reason the motion to dismiss will have to be granted. The original record discloses Judge Shure filed a written "Memorandum Opinion" on January 6, 1969 which, after discussing the issues presented, contains the following two concluding paragraphs:

> "For the reasons above indicated, no refunds are warranted and neither compensatory or punitive damages will be assessed. An injunction will, however, be signed as indicated, when presented. The Injunction will be without prejudice to any future official action to be taken by the Board of Governors in accordance with the Defendant's Constitution and By-Laws.
>
> "*SO DECREED* this 3rd day of January, 1969, by the Circuit Court for Montgomery County, Maryland." (Emphasis added.)

It is unclear whether appellant concluded the "Memorandum Opinion" with its use of the words "SO DECREED" was the court's decree and appealed, or whether, as all too frequently occurs, he appealed from the trial court's opinion and not the decree. In any event appellant filed his order of appeal to this Court on January 22, 1969. On February 20, 1969, Judge Shure signed and filed a decree in conformance with his "Memorandum Opinion." Appellant failed to appeal from that decree. Rule 812.

For the purpose of a preliminary motion to dismiss only we considered the "Memorandum Opinion" of January 6 as Judge Shure's decree. If the "decree" filed February 20, 1969, is in fact Judge Shure's decree, any appeal should therefore have been filed within thirty days

after February 20, 1969. But even if we still were to consider the "Memorandum Opinion" to be the decree this appeal must still be dismissed since the record was not transmitted to this Court in accordance with Rule 825 a, b, c, d, and e. Rule 825 b provides "the lower court shall not extend the time [for transmitting the record] to a day more than ninety days from the date after the first order for appeal is filed." Judge Shook extended the time on two occasions. She first extended the time until April 15, 1969. On that date she then extended it until May 6, 1969, but this was more than ninety days after January 22, 1969, the assumed appeal date.

Minus a showing by appellant that the delay in transmitting the record was caused by "the neglect, omission or inability of the clerk of the lower court, the court stenographer or appellee," as specified in Rule 825 d, this Court has no authority to extend the period "after the time for transmitting the record has expired." *Goldman v. Tauber*, 258 Md. 174, 265 A. 2d 225 (1970). In the present case there was no showing the delay was due to any of the enumerated reasons constituting an excusable delay set forth in Rule 825 d. *Goldman v. Tauber, supra; Presstman v. Fine*, 162 Md. 133, 159 A. 265 (1932). The order of this Court dated May 6, 1969 extending the time to June 5, 1969 would be a nullity.

Consequently this appeal must be dismissed.

## Appeal No. 381

The record extract in No. 381 is somewhat more extensive than the one in No. 105, yet it too falls short of providing sufficient information to enable us to decide the questions presented. It includes the complaint, the answer, Judge Pugh's opinion, Article XIII of the club's constitution and by-laws, and one of eighteen exhibits, an agreement between the country club and the original land company mentioned in No. 105. It does not include the court's decree (Rule 828 b 1 (a)) or the other exhibits, especially other agreements between the club and the land company. Particularly fatal is the absence of any

other parts of the club's constitution and by-laws. Appellant sought relief from the improper setting of dues, yet he only sets out Article XIII which relates solely to suspension for nonpayment of dues.

This appeal too will be dismissed. *Prime Contractors v. M. & C. C., supra; Silverman v. Ruddle,* 234 Md. 353, 199 A. 2d 196 (1964).

*Appeal in No. 105 dismissed.*
*Appeal in No. 381 dismissed.*
*Appellant to pay the costs in each case.*