## CARLING BREWING COMPANY ET AL. *v.* HENRY BELZNER

[No. 497, September Term, 1971.]

*Decided June 1, 1972.*

The cause was argued before MURPHY, C. J., and MOYLAN and CARTER, JJ.

*K. Donald Proctor,* with whom was *John S. Hebb, III,* on the brief, for appellants.

*R. Roland Brockmeyer* for appellee.

CARTER, J., delivered the opinion of the Court.

Judge Robert B. Watts of the Superior Court of Baltimore City affirmed an order of the Workmen's Compen-

sation Commission (hereafter referred to as the Commission) which found that Henry Belzner (appellee) sustained an accidental personal injury arising out of and in the course of his employment with the Carling Brewing Co., Inc. The employer and its insurer, Royal Indemnity Company, (appellants) have appealed from this determination, contending that the injury was not compensable because it resulted from an emotional outburst precipitated by appellee's anger over a matter in no way related to his employment.

The case was tried below on the transcript of the proceedings before the Commission. The record shows that the injury occurred during a regular thirty-minute luncheon break on August 13, 1970, in a lunchroom provided by the appellant (employer) on the work premises. The lunchroom contained luncheon facilities and a pay telephone for the use and convenience of the employees. The employer compensated the appellee (claimant) during his luncheon break to the same extent as though he were working. During the luncheon period, the appellee used the pay telephone to make a personal call to the police to inquire if a warrant he had sworn out against a man had been served. After being advised that it had not been served, appellee hung up the phone, turned around and took about two steps toward Mr. Hussey, a coemployee who was then standing in the open doorway of the lunchroom. Hussey greeted the appellee by calling his name and the appellee then threw his hands up and out and said to Mr. Hussey, "God damn, lousy people!" As the appellee made this statement and gesture, his right hand and arm crashed through the glass window of the open door to the lunchroom thereby causing the injury complained of. The door, which was to appellee's right as he approached Hussey, was approximately three feet from the telephone. Hussey testified that after appellee hung up the phone, he was "choked up * * * very loud and shouting," and was so positioned that "when he throwed his hands he had to hit the glass." He further stated that the appellee was usually loud and boisterous and on several prior oc-

casions he had seen the appellee make similar gestures while speaking. Hussey did not think that appellee intentionally struck the door. Appellee testified that he was "just expressing myself after the telephone conversation, and I put my hand out and it was no intention of anything whatsoever." He said, "I use my hands quite a bit when I talk, and everything, and at that time it was unfortunate that I used my hands and I didn't see the door was there, and I threw my hand out and that was it." He admitted that he was upset at the time over his telephone conversation with the police, but not to the extent that he did not know what he was doing.

The Commission found from this evidence that appellee's injury was not self-inflicted, that it was accidental, and arose out of and in the course of appellee's employment. In affirming the Commission's order, Judge Watts, sitting without a jury, reviewed the evidence and concluded therefrom, among other things, that he was "not convinced that the throwing out of Belzner's arms was an emotional reaction." The court stated:

> "* * * There is testimony from Hussey that Belzner was normally boisterous and regularly used hand and arm gestures when speaking. Appellant provides no evidence to contradict this portion of Hussey's testimony, and it appears that the Commission based much of its finding of fact on this point. It is inconceivable to this Court that Belzner's arm movements at the time of the accident were solely emotional. To be so would mean that the gesture Belzner used was one lacking in habit and prior use. But, there is testimony that Belzner normally communicated with his hands and that he was speaking with Hussey as his hands moved outward. The exact nature of the movement of Belzner's arms and hands remains shrouded, and neither litigant has produced evidence sufficient to remove this cloak.
> "Because of the continuing conflict in the

evidence which has not been settled conclusively to this Court's satisfaction, the mind of the Court is in equal balance as to the character of Belzner's upthrown arms. The appellant has not met the burden of proof so as to satisfy the Court that the Commission's finding of fact was incorrect, and the decision and order of the Workmen's Compensation Commission must be affirmed. * * *"

Appellants contend on appeal, as they did below, that the evidence before the Commission was legally insufficient to permit a finding that appellee's injury did not result from an emotional outburst stemming from a cause wholly unrelated to his work. Appellants contend that as a matter of law only one conclusion could be properly reached in view of the evidence, namely, that appellee's injury was not compensable, primarily because it did not arise out of his employment. Appellants rely particularly upon *Rice v. Revere Copper & Brass, Inc.,* 186 Md. 561. Appellee claims on the other hand that the evidence was legally sufficient to show that he accidently came into contact with the glass in the door under circumstances not emanating from an emotional outburst. He contends that while there was evidence showing that he was upset by his phone call to the police, and that he so indicated to his fellow employee, he did not see the door prior to striking it; consequently, he urges that the injury arose out of and in the course of his employment because it occurred on the employer's premises and was incidental to his employment.

A decision of the Workmen's Compensation Commission is *prima facie* correct and the burden of proving otherwise is upon the party attacking same. *Thompson v. Paul C. Thompson & Sons,* 258 Md. 391; *Zentz v. Peters & Taylor, Inc.,* 11 Md. App. 1. This means nothing more than that if the mind of the trier of facts is in equal balance on the evidence in the record, the finding of the Commission should be affirmed. *Greenwalt v. Brauns Bdg.*

*Sp. Corp.,* 203 Md. 313. In *Blake Construction Co. v. Wells,* 245 Md. 282, the court, quoting from *Williams Construction Co. v. Bohlen,* 189 Md. 576, 580, noted:

"* * * where the Commission has considered evidence of essential facts, and has drawn one of two different permissible inferences, there may be imposed upon the party attacking the decision of the Commission merely a burden of persuasion, and not necessarily a burden of additional proof. He may rely upon identically the same evidence that was presented before the Commission. The provision of the Act placing the burden of proof upon the appellant means only that he must prove in the trial Court what he asserts. His burden is to convince the Court or the jury that the Commission decided incorrectly in interpreting the facts, or deducing the inference from the facts, or construing the law applicable to the facts."

The threshhold question before us is not, as appellants suggest, whether an injury sustained by a workman on his employer's premises as a result of an emotional flare-up generated by a matter wholly independent of his employment is compensable under the Workmen's Compensation Act; rather, it is whether under Maryland Rule 1086 the court below was clearly erroneous in affirming the Commission's findings, based on the evidence before it, that appellee's injury did not result from an emotional flare-up, was not self-inflicted, was accidental, and arose out of and in the course of his employment. In considering this question we are mindful of the rule stated in *Talley v. Dept. of Correction,* 230 Md. 22, 28-29, that where the facts are conceded, undisputed, or uncontroverted, and the inferences to be drawn therefrom are plain, definite and undisputed, their legal significance is a matter of law to be determined by the court; but where the facts, or inferences therefrom, or both, are in dispute, such questions are to be determined by the trier of fact.

In this latter instance involving the resolution or questions of fact, it is not the province of this court to weigh and evaluate the conflicting evidence to determine its comparative value; we decide only whether there is any evidence legally sufficient to support the finding of the trier of facts—in this instance the court sitting without a jury—and in making this decision we assume the truth of all the evidence, and of all favorable inferences fairly deducible therefrom tending to support the factual conclusion of the court. *Stancliff v. H. B. Davis Co.,* 208 Md. 191. In other words, if there is any competent, material evidence to support the factual findings below, the weight and value of such evidence must be left to the trier of facts, as it is not our function to determine the comparative weight of conflicting evidence. *Anne Arundel County v. Cole,* 237 Md. 362, 366; *Scherr v. Miller,* 229 Md. 538.

On the record before us, we cannot say that there was no evidence or inferences properly drawable therefrom, legally sufficient to support the factual conclusion of the lower court; consequently, we cannot say that its judgment, affirming that of the Commission, was clearly erroneous. See *Sica v. Retail Credit Co.,* 245 Md. 606; *Uninsured Employers' Fund v. Merritt,* 13 Md. App. 73; *Zentz v. Peters & Taylor, Inc.,* 11 Md. App. 1. In effect, the court concluded from the evidence, as the Commission had concluded, that appellee's injury resulted accidentally from his own negligent acts which, though happening during the course of a conversation with a co-employee involving a matter not related to his work, nevertheless occurred in the course of employment and since it was an incident of his employment necessarily arose out of it within the rationale of such cases as *Department of Correction v. Harris,* 232 Md. 180; *Pappas v. Modern Manufacturing Co.,* 14 Md. App. 529, and *Klein v. Terra Chemicals Int'l,* 14 Md. App. 172.

Nothing in the *Rice* case relied upon by appellants compels a finding of non-compensability, as a matter of law, of any accidents sustained because of a workman's own negligent acts committed in the course of his employment,

which result directly or indirectly from an emotional re-action to a stimulus in no way connected with the employment; that question was not reached in the *Rice* case. Even if it had been, it would not control the outcome of this case since, as we have indicated, there was legally sufficient evidence to permit the finding that appellee's injury was not so caused.

*Judgment affirmed; costs to*
*be paid by appellant.*