HERBERT C. JACOBER ET AL. *v.* HIGH HILL REALTY, INC. ET AL.

[No. 794, September Term, 1973.]

*Decided July 15, 1974.*

The cause was argued before ORTH, C. J., and THOMPSON and MENCHINE, JJ.

*Anne Kay Kramer* for appellants.

*Marvin I. Singer,* with whom were *Sullivan, Wiesand & Singer* on the brief, for appellees.

THOMPSON, J., delivered the opinion of the Court.

Herbert C. Jacober, et al., appellants, appeal from the order dated October 16, 1973, of Judge John E. Raine, Jr., granting a motion to dismiss their appeal from the decision of the County Board of Zoning Appeals to the Circuit Court for Baltimore County.

The question presented is:

Did the trial judge err in dismissing the appeal for failure to file the record within the period of time prescribed in Md. Rule B7?

## FACTS

The recitation of facts necessarily emphasizes chronology, which shall determine the question before us. On April 10, 1973, the County Board of Zoning Appeals, finding "error" in the comprehensive map, reclassified property held by the appellees to a more intensive high density residential use. On the last day for timely filing appeal, May 10, 1973, appellants, by their attorney, filed in the Circuit Court for Baltimore County an Order for Appeal from the Board's decision. The appellants next filed, on May 18, 1973, a Petition for Appeal which named Herbert C. Jacober, Roy B. & Carolyn J. Maguire, and Gardner T. Smith to be protestants to the proceedings before the Board. The aforementioned pleadings were timely filed.

The Board had considered two cases involving different properties held by the same parties. The hearings entailed a

significant amount of testimony which was to be transcribed by the Court Reporter, C. Leonard Perkins. With firsthand knowledge of the logistical problems the court reporter faced in preparing such voluminous transcripts, counsel for appellants, for reasons not explained in the record, waited a full 21 days from the date the order for appeal was filed before ordering that the testimony be transcribed. On June 1, 1973, appellants sent to Mr. Perkins a written instruction to commence the transcription in the High Hill case.

A Motion for a 90 day Extension of Time for Filing of the Record was filed by the appellants. That same day, June 14, 1973, Judge Kenneth C. Proctor signed an *ex parte* order that the period to file the record be extended for a ninety (90) day period from June 14, 1973 until September 13, 1973, (in fact, ninety-one (91) days).

Between mid-July and early August, Mr. Perkins received a phone call from Mrs. Kramer, attorney of appellants. During this conversation, Mrs. Kramer advised Mr. Perkins that settlement negotiations were under way and to "hold off" preparation of the transcript. At this point, 850 pages had been completed but 3 or 4 more weeks of rush work were required in order to finish the transcript. Mr. Perkins stopped work as directed by appellants' counsel.

On August 16, 1973, Mr. Perkins left for a three (3) day vacation in New Hampshire. He was hospitalized there for emergency surgery. The board was contacted in order to advise the people with records pending to seek extensions. Acting upon this information, the appellants moved for a second extension, on September 5, 1973, for a sixty (60) day period. That same day Judge Lester L. Barrett signed an *ex parte* order extending the time for filing the record for a sixty (60) day period from September 16, 1973 to November 16, 1973.

On September 10, 1973, appellees filed a motion to strike or rescind the order for extension of time rendered on September 5th by Judge Barrett, and filed a motion to dismiss the appeal of appellants to the Circuit Court.

Mr. Perkins had returned to Baltimore around September 1st. A subsequent illness required that he spend three days

at Greater Baltimore Medical Center. But he was not instructed by appellants to resume transcribing the High Hill record until the last week in September.

On October 16, 1973, Judge John E. Raine, Jr. held a hearing on appellants' motions to strike and to dismiss the appeal. Judge Raine, on October 16th, rescinded the September 5th order for a sixty (60) day extension and further granted the motion to dismiss appellants' appeal. During this hearing, Mr. Perkins, testifying for appellants, stated that he still needed two weeks of work to complete the transcript, which he had resumed transcribing in the last week of September after being told to hold off in mid-July.

Md. Rules Chapter 1100, subtitle B prescribes the rules to be followed in appealing from administrative agencies. In accord with subtitle B, we will apply the facts in the instant case to the requirements for timely transmittal of the record, as set out by Rule B7 a-c.[1]

On April 10, 1973, the Board entered its decision; appellant timely filed his order for appeal on the last day

---

1. "Rule B7. *Record.*

a. *Time Within Which Required — Content.*

*Promptly after receipt of a copy of the first petition filed* in a case pursuant to section e of Rule B2 (How Appeal Taken) and *in any event within thirty days after such receipt, unless a different time shall be fixed by order entered pursuant to section b* of this Rule, the agency shall transmit to the clerk of the court the original or a certified copy of the record of its proceedings, including any transcript of testimony and any exhibit filed therein; if the testimony has been recorded but not transcribed prior to the filing of the appeal, the appellant, unless otherwise provided by law, shall, if required by the agency, pay the expense of transcription and that expense shall be taxed as costs; provided, that there shall be omitted such papers as the parties to the appeal shall designate by stipulation, and such stipulation shall be transmitted with the record.

b. *Change of Time.*

Upon application of any party, including the agency, and *for sufficient cause shown,* the court may direct that the record be transmitted in such shorter or longer time, *not exceeding ninety days after receipt of the first copy of a petition of appeal,* as may be ordered, except that the record need not be transmitted until after disposition of a demurrer or similar pleading.

c. *Delay.*

An appeal shall not be dismissed because the record has not been transmitted within the time prescribed, *if it appears to the court that such delay was occasioned by the neglect, omission or inability of the agency or other party other than the appellant;* provided, however, that such neglect, omission or inability *shall not be presumed, but must be shown by the appellant."* (Emphasis added.)

permitted for such under Rule B4 a, on May 10, 1973. Eight days later, on May 18, 1973, appellant filed his petition for appeal within the time frame authorized by Rule B2 e. The petition for appeal, as filed by appellant on May 18, 1973, certified that a copy had been forwarded to the Board the day before. Rule B7 a requires that the record be transmitted *promptly* and in any event within thirty (30) days after a copy of the petition filed in the Circuit Court is received by the administrative agency, *unless* a court order pursuant to section b fixes a different time. Section b authorized the court for sufficient cause shown to extend the time for transmittal of the records, but the extension is not to exceed ninety (90) days beyond the date on which the copy of the petition for appeal was received by the agency. In the instant case, under the terms of sections a and b, an extension of the "time prescribed" for transmitting the record could not extend beyond August 16, 1973. To transmit the record after mid-August would be to act without the "time prescribed" in sections a and b, thereby requiring appellant to resort to section c for such authority. This section requires that the appeal not be dismissed for failure to transmit the record within the time prescribed, if the appellant can show to the satisfaction of the court that "such delay" was occasioned by the "neglect, omission or inability" of someone other than the appellant. By necessary inference, the motion to dismiss must be granted, however, if the appellant fails to sustain his burden of proof.

On June 14, 1973, Judge Proctor ordered that the time for filing the record be extended for a ninety (90) day period purportedly under Rule B7 to September 13, 1973, which is almost a month beyond the ninety (90) day time limitation prescribed by subsection b. On September 5, 1973, which likewise is beyond the period of time prescribed by subsection b for extension, Judge Barrett ordered a further sixty (60) day extension to November 16, 1973. The legal effect of these two *ex parte* rulings comprises our threshold question.

This question has not been considered under Rule B7 b, however, it has been considered in cases interpreting Rule

825 b, substantially identical in terms [2] to B7 b, which permits lower courts' extensions of time for transmittal of records to the Court of Appeals. Though perhaps not controlling, we find the cases interpreting Rule 825 b to state the proper interpretation to be applied to Rule B7 b. The order may not extend the period for transmittal of the record one day beyond the ninety (90) day period of time prescribed in Rule 825 b. *Goldman v. Tauber*, 258 Md. 174, 176, 265 A. 2d 225 (1970), *accord, Rossen & Cohen v. Novak*, 259 Md. 508, 509, 270 A. 2d 465 (1970). In *Viner v. Manor Country Club*, 258 Md. 299, 303, 265 A. 2d 857 (1970), the Court of Appeals held a second extension order, which authorized transmittal beyond the prescribed period, to be a nullity:

> "Minus a showing by appellant that the delay in transmitting the record was caused by 'the neglect, omission or inability of the clerk of the lower court, the court stenographer or appellee,' as specified in Rule 825 d, this Court has no authority to extend the period 'after the time for transmitting the record has expired.' *Goldman v. Tauber*, 258 Md. 174, 265 A. 2d 225 (1970). In the present case there was no showing the delay was due to any of the enumerated reasons constituting an excusable delay set forth in Rule 825 d. *Goldman v. Tauber, supra; Presstman v. Fine*, 162 Md. 133, 159 A. 265 (1932). The order of this Court dated May 6, 1969 extending the time to June 5, 1969 would be a nullity.
>
> Consequently this appeal must be dismissed."

---

**2.** "Rule 825. *Record — Time for Transmitting.*

b. *Lower Court May Shorten or Extend Time.*

Upon application of any party and for sufficient cause shown, or upon its own motion, the lower court may, by order, shorten or extend the time for transmitting the record, if its order is made before the expiration of the period for transmitting the record as originally prescribed or as extended by a previous order; but the lower court shall not extend the time to a day more than ninety days from the date after the first order for appeal is filed or a writ of certiorari is granted."

This section is the same as Rule 1025 b, which governs appeals to the Court of Special Appeals.

*See also* Committee Note to Rule 825 b; A. Scanlan, *Effective Appellate Advocacy*, 29 Md. L. Rev. 126, 128 (1969).

Applying the rationale of the aforementioned authority to the express terms of subsection b of Rule B7, we agree with the trial judge below that both orders extending time for filing the record were invalid to the extent not authorized by the Rules. Consequently, appellant's transmittal of the record from the administrative agency was dehors the "time prescribed" in subsections a and b of Rule B7. To avoid mandatory dismissal of his appeal, the appellant had to sustain his burden of proof under Rule B7 c, that the *delay* was due to the neglect, omission or inability of someone other than himself.

We will now proceed to analyze the principal question before us, whether the trial court was clearly erroneous in finding as fact that the appellant did not sustain his burden of showing that the delay in transmitting the record was due to the neglect, omission or inability of persons other than himself.

In reaching our determination of whether under all the facts and circumstances the trial court was clearly erroneous in its evidentiary determination of fact, under Rule 1086 we must assume the truth of all the evidence and of all the favorable inferences fairly deducible therefrom tending to support the factual conclusion of the trial court. *Carling Brewing Co. v. Belzner*, 15 Md. App. 406, 412, 291 A. 2d 175 (1972). *See Colburn v. Colburn*, 15 Md. App. 503, 513, 292 A. 2d 121 (1972).

Appellant described the testimony to be transcribed as voluminous; in his brief, he states, "The case before the Board was complex and replete with a multitude of exhibits; and lengthy, consuming a total of eight days hearing time." Though Rule B7 encourages that the record be prepared promptly, appellant did not order that the testimony be transcribed until 21 days from filing his order for appeal. At a time, between mid-July and early August, when the reporter had only 27% of the testimony left to transcribe, requiring an additional three to four weeks of rush work, appellant told him to "hold off." He thus prevented work for

two to three weeks by Mr. Perkins, who left for a brief vacation on August 16, 1973. Though hospitalized in New Hampshire, Mr. Perkins did return to Maryland around September 1. Counsel for appellant waited until he was contacted by Mr. Perkins and around the last week in September he finally authorized Mr. Perkins to resume his transcription of the testimony. Acknowledging the three days that Mr. Perkins was hospitalized while in Maryland, appellant still permitted three weeks to slip by in the month of September.

Faced with the testimony of Mr. Perkins that three to four more weeks of rush work would have been sufficient to complete the transcription of the testimony, when appellant ordered that he "hold off" in late July or early August, Judge Raine found that the delay in transmitting the record was solely attributable to the appellant. In reaching this result, Judge Raine limited the time span under consideration to a period prior to the day when Mr. Perkins left for his vacation (August 16, 1973). Consequently, any delay during this period was not due to the reporter's subsequent illness. Depending upon when the hold off order was actually given, appellants' delay spanned from five to seven weeks, including the delay in ordering the transcript. This evidence is clearly adequate to sustain the court's determination that appellant did not meet his burden of proving "neglect, omission or inability" of persons other than himself, as required by Rule B7 c. Consequently, it follows the judgment must be affirmed.

The Court of Appeals has repeatedly dismissed administrative appeals which fail to comply with the various time requirements set forth in the subtitle B provisions of Chapter 1100.

In *Salisbury Board of Zoning Appeals v. Bounds*, 240 Md. 547, 553, 214 A. 2d 810 (1965), the Court of Appeals dismissed an administrative appeal, under the mandate of Rule B5, for failure to timely file a petition for appeal as required by Rule B2 e. The mandatory nature of this dismissal is indicated by the court:

"... Rules B2 e and B5 do not require any showing

of prejudice to the adverse party and Rule B5 plainly states that the trial court, in the absence of cause to the contrary, *shall* dismiss the appeal for noncompliance with Rule B2 e.

   . . . [W]e think it was reversible error for the trial court to deny the motion to dismiss the appeal . . ."

The *Bounds* mandatory dismissal requirement, for failure to timely comply with subtitle B to Ch. 1100 of the Md. Rules, was followed in *Warmack v. Bradley Club, Inc.*, 242 Md. 394, 396, 219 A. 2d 12 (1966) in which a petition for appeal was filed four days late, and *Volk v. Pugatch*, 262 Md. 80, 82, 277 A. 2d 17 (1971). In *Volk*, the Court affirmed the trial court's dismissal for failure of appellants to timely file the petition for appeal or to timely transmit the record, Rule B7 a. Dismissal was also required in *Giant Food, Inc. v. Hatcher*, 256 Md. 239, 241, 260 A. 2d 79 (1969) for failure to transmit the record as required by Rule B7, albeit the delay was very great.

We glean further authority for mandatory dismissal from cases interpreting terms in Rule 825 d [3] that are substantially identical to the terms of our Rule B7 c. The cases require that the appeal be dismissed absent proof by the appellant that delay was due to neglect, omission or inability of specified officials. *Rossen v. Novak*, 259 Md. at 509; *Viner v. Manor Country Club*, 258 Md. at 303; *Goldman v. Tauber*, 258 Md. at 176; *Doughnut Corporation v. Chapman*, 182 Md. 493, 496, 35 A. 2d 114 (1943); *Lomax v. J. R. Watkins Co.*, 176 Md. 691, 3 A. 2d 718 (1939); *Presstman v. Fine*, 162 Md. 133, 137, 159 A. 265 (1932); *Price v. State*, 160 Md. 670, 673, 154 A. 556 (1931); *Wilmer v. Haines*, 148 Md. 387, 389, 129 A. 347 (1925); *Horseman v. Furbush*, 124 Md. 581, 585, 93 A. 149 (1915) (record mailed one day before the last day for filing but received one day after the last day for filing, appeal dismissed); *Horsey v. Woodward*, 124 Md. 361, 363, 93 A. 9 (1914). *See Scanlan, supra* at 129.

---

**3.** "Rule 825. *Record — Time for Transmitting.*
"d. *Delay in Transmitting Due to Mistake.*
An appeal shall not be dismissed because the record has not been

Interpreting a progenitor rule to Rule 825, the Court of Appeals in *Warburton v. Robinson,* 113 Md. 24, 25, 77 A. 127 (1910), discussed appellant's burden of proof:

> "This provision of the Code imposes upon the appellant the burden of showing that the failure to forward the record within three months after the entry of the appeal was not the result of his own neglect, but was due to the default of the clerk or appellee. * * *
>
> "In the absence of proof that the clerk or appellee was delinquent the presumption is that the appellant was responsible for the delay, and he must satisfy the Court that by proper diligence the record could not have been prepared and transmitted in time."

In *Steiner v. Harding,* 88 Md. 343, 345, 41 A. 799 (1898), the Court of Appeals, dismissing an untimely appeal, succinctly explicated the mandatory dismissal requirements:

> "Indeed, whenever such a delay occurs the appellant must, to save the appeal from being dismissed, affirmatively show that the delay was occasioned by the neglect, the omission or the inability of the clerk. The *prima facie* evidence requiring the Court under its rules to dismiss an appeal is furnished when the fact appears that more than three months have elapsed between the date of the entry of the appeal and the date of the transmission of the record; and this *prima facie* evidence must be rebutted and overcome by the appellant. He can overcome its effect by showing that the delay was due (first) to the neglect, (second) to the omission, or (third) to the inability

---

transmitted within the time prescribed, if it appears to this Court that such delay was occasioned by the neglect, omission or inability of the clerk of the lower court, the court stenographer; or appellee; provided, however, that such neglect, omission or inability shall not be presumed but must be shown by the appellant."

This Section is the same as Rule 1025 d, which governs appeals to the Court of Special Appeals.

of the clerk. If he fails ... there is no discretion given this Court to entertain the appeal; and the appellee's right to have it dismissed, secured as it is by the positive terms of the rule, becomes fixed and indefeasible. The rule has the binding force of a statute and its observance is obligatory on this Court. We have no power to relax it, or to disregard it so long as it remains unrevoked. Cases falling under it are not within the domain of a judicial discretion, but they are governed by its imperative provisions."

Applying the rationale of *Warburton* and *Steiner* to our present interpretation of Rule B7 c as applied to facts of the instant case, requires that we affirm the trial court's order dismissing the appeal for failure to timely transmit the record from the administrative agency.

Appellants argue the judgment was invalid because the hearing was held before Judge Raine instead of Judge Barrett. No such question was presented below and we decline to consider it under Md. Rule 1085. In addition, appellants at oral argument contended settlement negotiations were responsible for the delay. We decline to consider the argument as it was not presented in the brief. Md. Rule 1031 d 4; *Reid v. State,* 10 Md. App. 6, 11, 267 A. 2d 332 (1970). We might add that both contentions appear to be completely without merit. Appellants also argue the lack of prejudice. This is of no importance under the Md. Rules. *Border v. Grooms,* 267 Md. 100, 105, 297 A. 2d 81 (1972).

*Judgment affirmed.*
*Appellants to pay costs.*